UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LA TASHIA GAYLE,

                           Plaintiff,

          -against-

**Docket No.:** 1:18-cv-09874-GBD

CHILDREN'S AID COLLEGE PREP CHARTER SCHOOL, CHILDREN'S AID OF NEW YORK, CASEY VIER, *In Her Individual and Official Capacities,* and DEVON JACKSON, In His *Individual and Official Capacities,*

                         Defendants.
------------------------------------------------------------------X

## DEFENDANT THE CHILDREN'S AID SOCIETY'S
## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINT

**TANNENBAUM HELPERN
SYRACUSE & HIRSCHTRITT LLP**

900 Third Avenue
New York, New York 10022
Phone: (212) 508-6700
Fax: (212) 371-1084

*Attorneys for Defendant The Children's Aid Society*

Of Counsel:   Andrew W. Singer
                    Elizabeth E. Schlissel

[1093766-1]

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

POINT I
THERE IS NO EMPLOYER-EMPLOYEE RELATIONSHIP BETWEEN THE SOCIETY AND PLAINTIFF UNDER ANY THEORY OF LIABILITY ................................................................ 2

    A.    Plaintiff Fails to Sufficiently Plead a Joint Employer Relationship ................................. 2
    B.    Plaintiff Fails to Sufficiently Plead an Integrated Single Employer Relationship ........... 4
    C.    Plaintiff's NYSHRL and NYCRL Claims Must Be Dismissed ....................................... 6
    D.    The Additional Documents Do Not Cure the Pleading Deficiencies ............................. 6

POINT II
PLAINTIFF'S TITLE IX CLAIMS MUST BE DISMISSED ....................................................... 7

    A.    Plaintiff has No Private Right of Action Under Title IX .................................................. 7
    B.    Plaintiff Fails to Allege Actual Notice and Deliberate Indifference ............................... 9

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**                                                                                                                    **Page(s)**

*Ashcroft v. Iqbal*
   556 U.S. 662 (2009) ............................................................................................................. 4

*Ayala v. Metro One Sec. Sys., Inc.*
   2011 WL 1486559, at *4 (E.D.N.Y. April 19, 2011) ........................................................... 2

*Brown v. Daikin America, Inc.*
   2011 WL 10842873, *7 (S.D.N.Y. 2011) ............................................................................. 5

*Cannon v. Univ. of Chicago*
   441 U.S. 667 (1979) ............................................................................................................. 8

*Carabello v. New York City Dep't of Educ.*
   928 F. Supp. 2d 627 (E.D.N.Y. 2013) ................................................................................ 10

*Cook v. Arrowsmith Shelburne, Inc.*
   69 F.3d 1235, 1240 (2d. Cir. 1995) ................................................................................... 3, 4

*Gebser v. Lago Vista Indep. Sch. Dist.*
   524 U.S. 274 (1998) ........................................................................................................... 10

*Harris v. NYU Langone Med. Ctr.*
   2013 WL 3487032, *11 (S.D.N.Y. July 9, 2013) ................................................................. 6

*Jackson v. Birmingham Bd. of Educ.*
   544 U.S. 167 (2005) ............................................................................................................. 8

*Jaghory v. N.Y. Dep't of Educ.*
   131 F.3d 326 (2d Cir. 1997) ................................................................................................. 1

*Kilkenny v. Greenberg Traurig, LLP*
   2006 WL 1096830, *4 (S.D.N.Y. Apr. 26, 2006) ............................................................. 3, 6

*Lakoski v. James*
   66 F.3d 751 (5th Cir. 1995) .................................................................................................. 8

*McCalla v. City of New York*
   2017 WL 3601182, 109 (S.D.N.Y. Aug. 14, 2017) .............................................................. 7

*Munson v. Diamond*
   2017 WL 4863096 (S.D.N.Y. 2017) .................................................................................... 5

*Murray v. New York Univ. College of Dentistry*
   57 F.3d 243 (2d Cir. 1995) ............................................................................................... 9

*N. Haven Bd. Of Educ. v. Bell*
   456 U.S. 512 (1982) ......................................................................................................... 8

*N.L.R.B. v. Solid Waste Servs., Inc.*
   38 F.3d 93 (2d Cir. 1994) ................................................................................................ 3

*O'Connor v. Davis*
   126 F.3d 112 (2d Cir. 1997) ............................................................................................ 9

*Philpott v. New York*
   2017 WL 1750398 (S.D.N.Y. May 3, 2017) .................................................................... 7

*Strauss v. New York State Dept. of Educ.*
   26 A.D.3d 67 (3d Dept. 2005) ......................................................................................... 6

*Summa v. Hofstra Univ.*
   2011 WL 1343058 (E.D.N.Y. Apr. 7, 2011); *aff'd in part, vacated in part on other grounds*,
   708 F.3d 115 (2d Cir. 2013) ............................................................................................ 8

*Zeno v. Pine Plains Cent. Sch. Dist.*
   702 F.3d 655 (2d Cir. 2012) ............................................................................................ 9

## PRELIMINARY STATEMENT

Defendant The Children's Aid Society (the "Society"), respectfully submits this reply memorandum of law in support of its motion for an order dismissing all of the causes of action alleged against it in the Amended Complaint ("Amended Complaint") brought by Plaintiff La Tashia Gayle ("Plaintiff"). In addition, the Society incorporates by reference the legal arguments made in Defendants Children's Aid College Prep Charter School (the "School") and Casey Vier's Memorandum of Law in support of their motion to dismiss the Amended Complaint, Dkt. No. 41, and their Reply Memorandum of Law in further support of their motion to dismiss the Amended Complaint, Dkt. No. 48.

First and foremost, the Society is not and has never been Plaintiff's employer. Plaintiff specifically alleges in her Amended Complaint that she "began her employment with [the School] on October 26, 2012." (Amended Complaint, ¶ 26). Moreover, the Society and the School are not joint employers of Plaintiff.[1] Plaintiff's Amended Complaint does not sufficiently assert a cause of action against the Society pursuant to either the New York State Human Rights Law ("NYSHRL") or the New York City Human Rights Law ("NYCHRL") because Plaintiff has failed to set forth the requisite pleading factors for liability pursuant to the joint employer doctrine. In addition, Plaintiff's references to documents outside of the four corners of the Amended Complaint in her opposition papers is patently improper and should be disregarded by this Court. (Dkt. No. 44, Plaintiff's Memorandum of Law in Opposition, Point II, section A). Vague references to

---

[1] Plaintiff's frivolous assertions in her opposition papers that the Society "do[es] not deny" that the School and the Society are joint employers and that "denying their joint employer relationship would be perjurious" are extreme misrepresentations. *See,* Dkt. No. 44, Plaintiff's Memorandum of Law in Opposition, p. 18. The Society deliberately did not allege or argue new facts in its Motion to Dismiss because in considering the legal sufficiency of a complaint pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), a court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. N.Y. Dep't of Educ.,* 131 F. 3d 326, 329 (2d Cir. 1997). Plaintiff's flippant comment is an unfounded, heavy handed derogation of the governing rules of procedure.

1

documents in Plaintiff's possession do not cure the myriad of pleading deficiencies in the Amended Complaint. Even if this Court were to consider them, these documents do not provide the elements that must be pleaded in order to allege liability pursuant to a joint employer doctrine.

Additionally, no private right of action exists under Title IX for workplace discrimination or for retaliation resulting from a complaint of workplace sexual harassment. No United States Supreme Court or Second Circuit Court of Appeals decision states to the contrary. Thus, dismissal of Plaintiff's Title IX claims is warranted. Simply stated, Plaintiff has once again failed to allege a valid cause of action against the Society.

## ARGUMENT

## POINT I

## THERE IS NO EMPLOYER-EMPLOYEE RELATIONSHIP BETWEEN THE SOCIETY AND PLAINTIFF UNDER ANY THEORY OF LIABILITY

The Society does not deny that it has a relationship with the School. However, two affiliated entities, having a relationship and even common goals, does not impose liability in an employment discrimination case pursuant to the joint employment doctrine. *Ayala v. Metro One Sec. Sys., Inc.*, 2011 WL 1486559, at *4 (E.D.N.Y. Apr. 19, 2011) (Holding that an entity that is merely affiliated with a plaintiff's employer is not liable for the employer's discriminatory acts.). The two theories of liability in which a non-direct employer may be liable in an employment discrimination claim are: (1) the "joint employer doctrine" and (2) the "single integrated employer doctrine." Each theory has separate and distinct pleading requirements.

### A. Plaintiff Fails to Sufficiently Plead a Joint Employer Relationship

In her Amended Complaint, the Plaintiff alleges that the School and the Society are "joint employers." (Amended Complaint, ¶ 23). Further, in her opposition papers, Plaintiff again argues that there is a "joint employer relationship" between the School and the Society. In order to

sufficiently allege a "joint employer relationship," Plaintiff must allege that the Society and the School had "commonality of hiring, firing, discipline, pay, insurance, records, and supervision." *N.R.L.B. v. Solid Waste Servs., Inc.* 38 F.3d 93, 94 (2d Cir. 1994); *Kilkenny v. Greenberg Traurig, LLP,* 2006 WL 1096830, *4 (S.D.N.Y. Apr. 26, 2006).

Plaintiff does not allege any of the requisite elements of a joint employment relationship in her Amended Complaint. Wholly absent from the Amended Complaint are allegations that the Society had actual control over the material terms and conditions of Plaintiff's Employment. The Amended Complaint does not allege that the Society ever hired, disciplined, paid, provided insurance for, or supervised Plaintiff. Thus, Plaintiff has failed to allege the elements necessary to assert a cause of action pursuant to the joint employment theory of liability.

In her opposition papers, Plaintiff erroneously confuses the standard for a joint employer relationship with the standard for a single integrated employer relationship. On page 22 of her opposition papers, Plaintiff mistakenly states the standard as follows:

> Courts have relied on four considerations to determine if a joint employer relationship exists: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *See* Cook v. Arrowsmith Shelburne, Inc.

Dkt. No. 44, Plaintiff's Opposition, p. 22. While the Second Circuit did set forth those factors in *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240-41 (2d. Cir. 1995), it was in relation to a single integrated employer relationship not a joint employer relationship, as Plaintiff incorrectly states. Absent from Plaintiff's opposition papers are any arguments addressing the correct joint employment relationship factors - commonality of hiring, firing, discipline, pay, insurance, records, and supervision. *N.R.L.B. v. Solid Waste Servs., Inc.* at 94.

Applying the correct standard for a joint employment relationship, Plaintiff's allegations, which consist of conclusory and factually unsupported statements, do not sufficiently allege a joint

3

employer relationship. Plaintiff alleges in conclusory fashion that "upon information and belief, Plaintiff Gayle's job duties were led and defined by both Defendants [the School and the Society]". (Amended Complaint ¶ 27). Plaintiff's conclusory allegation made "[u]pon information and belief" that the Society "owns, operates, controls, supervises and/or manages" the School does not sufficiently allege a joint employer relationship. (Amended Complaint ¶ 21). This Court is not required to accept as true "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009). In short, Plaintiff does not provide any factual allegations that the Society exerted actual control over her employment, and her unsupported allegations are insufficient to establish a joint employer relationship. Thus, the Amended Complaint fails to allege a joint employer theory of liability against the Society.

### B. Plaintiff Fails to Sufficiently Plead an Integrated Single Employer Relationship

While Plaintiff does not allege an integrated employer relationship, she erroneously analyzes the elements of the integrated employer relationship in her opposition papers. Thus, even if Plaintiff had alleged and argued the existence of an integrated employment relationship, she would not be able to allege the necessary factors.

In order to defeat a motion to dismiss, a plaintiff asserting that two entities are a single integrated employer must allege facts which – at the very least – create a plausible inference establishing the *Cook* factors: (1) interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control. *Cook*, 69 F.3d at 1240-41. In her Amended Complaint Plaintiff merely asserts in conclusory fashion only, that the School and the Society are "joint employers in that they are both responsible for

4

administration and/or administrative personnel matters of [the School]." (Amended Complaint ¶ 23). This is not enough to sufficiently allege the *Cook* factors.

In *Munson*, the Court refused to allow the plaintiff to proceed on a single integrated entity theory of liability because the plaintiff failed to address all of the *Cook* factors, and her allegations were conclusory. *See Munson v. Diamond*, 2017 WL 4863096 (S.D.N.Y. 2017). Here too, the Plaintiff fails to address all of the *Cook* factors. In addition, Plaintiff's allegations regarding the School and the Society being a single integrated entity are purely conclusory.[2] Again, Plaintiff's conclusory allegations made "[u]pon information and belief" that the Society "owns, operates, controls, supervises and/or manages" the School does not meet the *Cook* pleading requirements. (Amended Complaint ¶ 21). Absent from the Amended Complaint are any allegations regarding the School participating in the Society's operations and labor relations. Thus, the first two *Cook* factors have not been sufficiently alleged.

The third *Cook* factor requires allegations regarding common management between the two entities. Courts in this the Southern District have interpreted "common management" to mean shared officers or directors. *See, Brown v. Daikin America, Inc.*, 2011 WL 10842873, *7 (S.D.N.Y. 2011). The *Munson* Court found on a motion to dismiss that the plaintiff's complaint "d[id] not identify any of the officers or directors of any of the LLCs, d[id] not allege that any of them served as such for more than one entity, and d[id] not contain any other facts indicating that the LLCs shared common management." In light of the aforementioned pleading deficiencies, the *Munson* Court rejected the plaintiff's single integrated theory of liability and dismissed the causes of action against the affiliated entities.

---

[2] Plaintiff does not allege or argue a single integrated entity theory of liability in her Amended Complaint or her opposition papers but she erroneously analyzes the *Cook* factors as if they apply to a joint employer relationship.

Just like the complaint in *Munson*, the Amended Complaint in this case fails to identify any of the School's or Society's officers, directors, or even members of the leadership teams. Thus, the Plaintiff has failed to allege the third *Cook* factor in the Amended Complaint. For this reason alone, Plaintiff's NYSHRL and NYCHRL claims against the Society (the third, fourth, fifth, and sixth causes of action in the Amended Complaint) should be dismissed.

### C. Plaintiff's NYSHRL and NYCRL Claims Must Be Dismissed

Under the NYSHRL and the NYCHRL, in order to state a claim a plaintiff must allege the existence of an employer-employee relationship because those laws prohibit an **employer** from discriminating against an **employee**. Since Plaintiff has failed to sufficiently allege an employee-employer relationship, the third, fourth, fifth, and sixth causes of action alleging claims under the NYSHRL and NYCHRL fail to state a claim against the Society and should be dismissed. *Harris v. NYU Langone Med. Ctr.*, 2013 WL 3487032, * 11 (S.D.N.Y. July 9, 2013). (Dismissing discrimination claims asserted pursuant to NYSHRL and NYCHRL against defendants which plaintiff did not allege to be her employer.); *Kilkenny v. Greenberg Traurig, LLP*, 2006 WL 1096830, *4 (S.D.N.Y. Apr. 26, 2006); *Strauss v. New York State Dept. of Educ.*, 26 A.D.3d 67, 69 (3d Dept. 2005) ("[P]laintiff must demonstrate that he or she had an employment relationship with the defendant employer.").

### D. The Additional Documents Do Not Cure the Pleading Deficiencies

In her memorandum in opposition, Plaintiff attempts to distract the Court with references to additional documents that are not mentioned in the Amended Complaint so as to circumvent the actual standard for imposing liability on an affiliated entity. The Society respectfully submits that the arguments referencing these documents on pages 19-22 of Plaintiff's Memorandum in Opposition should be disregarded. However, even if this Court were to consider those documents

(which the court does not even have copies of), this Court should still dismiss causes of action against the Society. In order for there to be joint employer liability in an employment discrimination claim, Plaintiff must allege sufficient personal factors regarding her employment relationship with the School and the Society. The documents referenced by Plaintiff merely reflect two separate entities that are affiliated and do not add a shred of evidence or information supporting an employment relationship between the Plaintiff, the School, and the Society.

Lastly, Plaintiff does not allege that the Society participated in any decisions regarding her employment. Under the NYSHRL "an employer is only liable for conduct that it encouraged, condoned or expressly or impliedly approved." *McCalla v. City of New York*, 2017 WL 3601182, 109 (S.D.N.Y. Aug. 14, 2017). Plaintiff fails to allege that the Society was aware of – let alone encouraged, condoned, or approved – any alleged unlawful actions against Plaintiff.

## POINT II

## PLAINTIFF'S TITLE IX CLAIMS MUST BE DISMISSED

The first and second causes of action in the Amended Complaint alleging discrimination and retaliation against the Society pursuant to Title IX must be dismissed.

### A. Plaintiff has No Private Right of Action Under Title IX

The Society further joins the School Defendants in their motion to dismiss the Amended Complaint and respectfully refers the Court to Points II and III of Defendants Children's Aid College Prep Charter School and Casey Vier's Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 41) and the School Defendants' Reply Memorandum of Law (Dkt. No. 48), which are incorporated herein by reference.

The greater weight of authority amongst the District Courts in the Second Circuit holds that Title IX does not provide a private cause of action for employment discrimination. *See Philpott v. New York*, 2017 WL 1750398 (S.D.N.Y. May 3, 2017); *Summa v. Hofstra Univ.*, 2011 WL

1343058 (E.D.N.Y. Apr. 7, 2011); *aff'd in part, vacated in part on other grounds,* 708 F.3d 115 (2d Cir. 2013). In addition, the Fifth Circuit has held that an employee does not have a private right of action under Title IX for gender discrimination in employment. *See Lakoski v. James*, 66 F.3d 751 (5th Cir. 1995).

Plaintiff's reliance on *N. Haven Bd. of Educ. v. Bell*, 456 U.S. 512 (1982) and *Cannon v. Univ. of Chicago,* 441 U.S. 667 (1979) is misplaced because those cases are clearly factually different. Neither of them involved a suit by an employee alleging workplace sex discrimination under Title IX. Thus, in *N. Haven* and *Cannon* the Supreme Court never addressed the relationship between Title VII and Title IX. In the present case, Plaintiff is an employee alleging discrimination and retaliation that she allegedly personally experienced during the course of her employment. This is clearly distinguishable from each and every case cited by Plaintiff in her opposition papers.

Plaintiff's reliance on *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005) is also misplaced. In *Jackson*, a basketball coach employed by a school brought a retaliation claim against the school after complaining about discriminatory treatment regarding the school's female basketball team. *Id.* at 171-172. This case is factually distinguishable from the present case because the protected activity by the coach was a complaint about sex discrimination against students being deprived of the educational benefits of an athletic program, a core purpose of Title IX. In *Jackson* the Court observed that "…teachers and coaches such as Jackson are often in the best position to vindicate the rights of their students because they are better able to identify discrimination and bring it to the attention of administrators. Indeed, sometimes adult employees are "the only effective adversar[ies]" of discrimination in schools. *Id.*, 544 U.S. at 181. In stark contrast, Plaintiff's claims in the present case deal with allegations regarding discrimination and

harassment directed against her during the course of her employment, claims that are not properly asserted under Title IX.

Similarly, none of the cases cited by Plaintiff support the proposition that an employee is entitled to assert a private cause of action for workplace sex discrimination or retaliation under Title IX. For example, both *O'Connor v. Davis*, 126 F.3d 112 (2d Cir. 1997) and *Murray v. New York Univ. College of Dentistry*, 57 F.3d 243 (2d Cir. 1995) involved sexual harassment claims brought by students. The other cases cited by Plaintiff are similarly distinguishable as described in more detail in Points II and III of the School's Reply Memorandum of Law (Dkt. No. 48). The greater weight of authority in the Second Circuit holds that Title IX is not the appropriate mechanism for asserting an employment discrimination or retaliation claim.

### B. Plaintiff Fails to Allege Actual Notice and Deliberate Indifference

The Society cannot be held liable under Title IX without actual knowledge or notice. *Zeno v. Pine Plains Cent. Sch. Dist.*, 702 F.3d 655, 666 (2d Cir. 2012) (holding that constructive knowledge that an entity should have known about the harassment is not enough to establish actual knowledge or notice). Plaintiff has failed to plead any facts in the Amended Complaint showing actual knowledge on the part of any official of the Society. Similarly, regarding the Title IX retaliation claim, Plaintiff has not pleaded facts showing that the Society had any knowledge of the alleged discrimination at the School or that she complained to any official of the Society.

In the Amended Complaint, Plaintiff asserts that she discussed Jackson's conduct with several employees who were allegedly employed by the School and/or the Society. (Amended Complaint ¶¶ 79-84, 101-109). However, Plaintiff neither identifies these individuals nor alleges that they had the authority to act on the Society's behalf to institute corrective measures. Absent from the complaint is any allegation that any Society official "possessed enough knowledge of the

9

harassment that [they] reasonably could have responded with remedial measures to address the *kind* of harassment upon which plaintiff's legal claim is *based.*" *Carabello v. New York City Dep't of Educ.*, 928 F. Supp. 2d 627, 639 (E.D.N.Y. 2013) (Dismissing the complaint).

The Supreme Court held in *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274 (1998) that failure to adequately respond to a complaint of discrimination must amount to "deliberate indifference" or "an official decision by [the entity] to not remedy the violation." *Id.* at 290-91. The Amended Complaint does not allege that any of Plaintiff's complaints were ever brought to the attention of an official of the Society who had the ability to address them. Simply repeating the phrase "deliberate indifference" ad nauseam throughout the Amended Complaint without any factual support is insufficient to withstand a motion to dismiss. Accordingly, the first and second causes of action in the Amended Complaint asserting Title IX claims against the Society should be dismissed.

## CONCLUSION

The Society respectfully requests that the Court grant its motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss the Amended Complaint, and that the Court award the Society with such other and further relief as it deems just and proper. In addition, Plaintiff's request for leave to file a Second Amended Complaint should be denied since Plaintiff was already provided with the opportunity to make substantial changes to her Original Complaint.

Dated: New York, NY
       March 21, 2019

                                      Respectfully submitted,

                                      **TANNENBAUM HELPERN**
                                      **SYRACUSE & HIRSCHTRITT LLP**

                                      Elizabeth E. Schlissel
                                      Andrew W. Singer

900 Third Avenue  
New York, New York 10022  
Phone: (212) 508-6700  
Email: schlissel@thsh.com  
singer@thsh.com  
*Attorneys for Defendant*  
*The Children's Aid Society*