UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LA TASHIA GAYLE,

                  Plaintiff,

          -against-

CHILDREN'S AID COLLEGE PREP CHARTER
SCHOOL, CHILDREN'S AID OF NEW YORK,
CASEY VIER, *In Her Individual and Official Capacities,*
and DEVON JACKSON, *In His Individual and Official
Capacities,*

                  Defendants.

-------------------------------------------------------------------X

18-CV-09874 (GBD)

# DEFENDANTS CHILDREN'S AID COLLEGE PREP CHARTER SCHOOL AND CASEY VIER'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

KAUFMAN DOLOWICH & VOLUCK, LLP
*Attorneys for Defendants Children's Aid College Prep Charter School and Casey Vier*
By: Keith Gutstein, Esq.
Aaron N. Solomon, Esq.
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
Phone: (516) 681-1100

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL ARGUMENT ............................................................................................................... 2

POINT I
THE 30-DAY PERIOD IN EDUCATION LAW § 3813(1) EXTENDS NOTHING .................. 2

POINT II
PLAINTIFF HAS NO PRIVATE RIGHT OF ACTION UNDER TITLE IX .............................. 6

POINT III
THE COMPLAINT DOES NOT MEET *GEBSER'S* PLEADING STANDARD ......................... 9

POINT IV
DISMISSAL OF PLAINTIFF'S NYSHRL RETALIATION CLAIMS IS WARRENTED ....... 12

POINT V
THE AIDING AND ABETTING CLAIMS AGAINT VIEW SHOULD BE DISMISSED ....... 13

CONCLUSION ......................................................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*AB v. Rhinebeck Cent. Sch. Dist.*
224 F.R.D. 144 (S.D.N.Y. 2004) .................................................................. 9

*Baez v. New York City Health & Hosps. Corp.*
80 N.Y.2d 571 (1992) ................................................................................ 3

*Barchet v. New York City Transit Auth.*
20 N.Y.2d 1 (1967) ............................................................................... 4, 5

*Burgess v. Harris Beach PLLC*
346 Fed. Appx. 658 (2d Cir. Sept. 29, 2009) ............................................... 7

*Burgess v. Long Island R. Authority*
79 N.Y.2d 777 (1991) ............................................................................... 4

*Cannon v. University of Chicago*
 441 U.S. 677 (1979) ............................................................................. 6, 7

*Carrington v. Mota*
16-CV-8061 (GBD)(JLC), 2017 U.S. Dist. LEXIS 141114 (S.D.N.Y. Aug. 31, 2017) ............... 9

*Carrington v. Mota*
16-CV-8061 (GBD)(JLC), 2017 U.S. Dist. LEXIS 202525 (S.D.N.Y. Dec. 8, 2017).................. 9

*Doe v. Flaherty*
623 F.3d 577 (8th Cir. 2010) .................................................................. 7

*Doe v. Lago Vista Indep. Sch Dist.*
106 F.3d 1223 (5th Cir. 1997) ............................................................... 11

*Doddy v. City of New York*
45 A.D. 3d 431 (1st Dep't 2007) ........................................................... 3, 5

*Feduniak v. New York City Health & Hosp. Corp.*
N. Y. S.2d 2019 App. Div. LEXIS 1563 (2nd Dep't 2019)............................ 5

*Folks v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst of Tech*
214 F.Supp.2d 273 (E.D.N.Y. 2002) ........................................................... 9, 10

*Friel v. Cty. of Nassau*
947 F.Supp.2d 239 (E.D.N.Y. 2013) ................................................................ 12

*Gardner v. St. Bonaventure Uni.*
171 F.Supp.2d 118 (W.D.N.Y. 2001) ................................................................. 7

*Gebser v. Lago Vista Indep. Sch. Dist.*
524 U.S. 274 (1998) ........................................................................... 9, 10, 11

*Giblin v. Nassau Cty. Med. Ctr.*
61 N.Y.2d 67 (1984) ................................................................................... 3

*Hall-Kimbrell Environmental Svcs. Inc. v. East Ramapo Cent. Sch. Dist.*
177 A.D.2d 56 (3rd Dep't 1992) .................................................................. 4, 5

*Hayut v. State Uni. of N.Y.*
352 F.3d. 733 (2d Cir. 2003) .......................................................................... 8

*Henschke v. N.Y. Hosp.-Cornell Med. Ctr.*
821 F.Supp. 166 (S.D.N.Y. 1993) ................................................................ 8, 9

*Hicks v. Barnes*
593 F.3d 159 (2nd Cir. 2010) ....................................................................... 12

*Hilow v. Rome City Sch. Dist.*
91-CV-567, 1994 U.S. Dist. LEXIS 8953 (N.D.N.Y June 29, 1994) ........................... 8

*Jackson v. Birmingham Bd. of Educ.*
544 U.S. 167 (2005) ................................................................................ 6, 7

*Kaur v. New York City Health & Hosp. Corp.*
688 F.Supp.2d 317 (S.D.N.Y 2010) ............................................................... 12

*Kirkweg v. New York City Dep't of Educ.*
12-CV-2635 (WHP) 2013 U.S. Dist. LEXIS 55042 at *3, 13-15 ............................... 12

*Kolhausen v. SUNY Rockland Cty.*
10-CV-3168, 2011 U.S. Dist. LEXIS 4250 (S.D.N.Y. Feb. 9, 2011) .............................................. 9

*Kracunas v. Iona Coll.*
119 F.3d. 80 (2d Cir. 1997) ................................................................................. 10, 11

*Krauz v. Commack Union Free. Sch. Dist.,*
203 A.D.2d 334 (2d Dep't 1994) .......................................................................... 2, 3, 4, 5

*Lakoski v. James*
66 F.3d 751 (5th Cir. 1995) ................................................................................. 6 , 8

*Love v. McCray*
413 F.3d 192 (2nd Cir. 2005) ................................................................................ 5

*Littlejohn V. City of New York*
F.3d. 297 (2nd Cir. 2015) ..................................................................................... 13

*Malanga v. NYU Langone Med. Ctr.*
No. 14-CV-968, 2015 U.S.Dist. LEXIS 153304, at *14 (S.D.N.Y. Nov. 12, 2015) .................... 14

*Miles v. New York Univ.*
No. 94-CV-8685, 1998 U.S. Dist. LEXIS 11008 (S.D.N.Y. Jul. 22, 1998) ................................ 11

*Murray v. New York Univ. College of Dentistry*
57 F.3d 243 (2d Cir. 1995) ..................................................................................... 7

*N. Haven Bd. of Educ. v. Bell*
456 U.S. 512 (1982) ............................................................................................. 6, 7

*O'Connor v. Davis*
126 F.3d 112 (2d Cir. 1997) ................................................................................... 7

*Pellegrini v. Sovereign Hotesl, Inc.,*
740 F.Supp.2.d 344 (N.D.N.Y. 2010) ....................................................................... 14

*Penn v. N.Y. Methodist Hosp.*
No. 11-CV-9137 2013 U.S. Dist. LEXIS 142109 at 8 (E.D.N.Y. Sept. 30 2013) ...................... 12

*Pejovic v. State Uni. Of N.Y. at Albany*
17-CV-1092, 2018 U.S. Dist. LEXIS 125597 (N.D.N.Y Jul 26, 2018) ...................................... 7, 9

*Roelcke v. Zip Aviation, LLC*
15-CV-6284 (DAB), 2018 U.S. Dist. LEXIS 51452 (S.D.N.Y. Mar. 26, 2018).......................... 14

*Rowe v. New York State Div of the Budget*
2013 U.S. Dist. LEXIS 175496 N.D.N.Y. Dec. 11, 2013) .......................................................... 13

*Rutigliano v. Board of Educ.*
176 A.D.2d 866 (2d Dep't 1991) ...................................................................................... 2, 3, 4, 5

*Serravillo v. N.Y.C. Transit Auth.*
51 A.D.2d 1027 (1st Dep't 1976) ............................................................................................... 3

*Tesoriero v. Syosset Cent. Sch. Dist.*
382 F.Supp.2d 387 (E.D.N.Y. 2005) ......................................................................................... 11

*Toro v. City of New York*
271 A.D.2d 523 (2d Dep't 2000) ............................................................................................ 4, 5

*Towers v. State Univ. of N.Y.*
No. 04-cv-5243 (FB) (RML), 2007 U.S. Dist. LEXIS 37373 (E.D.N.Y. May 21, 2007) .............. 8

*Vega v. State Univ. of N.Y.*
No. 97-cv-57467 (DLC), 2000 U.S. Dist. LEXIS 4749 (S.D.N.Y. April 13, 2000) ...................... 8

*Weinstock v. Columbia Univ.*
224 F.3d 33 (2d Cir. 2000) .......................................................................................................... 8

*Zeno v. Pine Plains Cent. Sch. Dist.*
703 F.3d 655 (2nd Cir. 2012)...................................................................................................... 11

**Statutes**

CPLR 204 .......................................................................................................................... 2

CPLR 204(a) ..................................................................................................................... 3

Education Law § 3813 ....................................................................................................... 4

Education Law § 3813(1) ............................................................................................... 2, 3

Education Law § 3813(2-b) ........................................................................................... 2, 4

N.Y. Gen. Mun. Law § 50-i(1) ...................................................................................... 3, 4

N.Y. Gen. Mun. Law § 50-i(3) .......................................................................................... 3

N.Y. Unconsol. Law § 7401(1) ......................................................................................... 3

N.Y. Unconsol. Law § 7401(2) ......................................................................................... 3

Public Authorities Law § 1212 .......................................................................................... 4

**PRELIMINARY STATEMENT**

Children's Aid College Prep Charter School ("CACPCS") and Casey Vier ("Vier" and with CACPCS, "Defendants") respectfully submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the Amended Complaint (the "Complaint") brought by La Tashia Gayle ("Plaintiff").

As Education Law § 3813(1) did not require Plaintiff to wait 30 days before commencing her action, all NYCHRL and NYSHRL claims against CACPCS arising from Devon Jackson's ("Jackson") conduct must be dismissed.  No private right of action exists under Title IX for workplace discrimination or for retaliation resulting from a complaint of workplace sexual harassment. No U.S. Supreme Court and Second Circuit opinion states differently.  Dismissal of Plaintiff's Title IX is warranted.  Additionally, Plaintiff's NYSHRL retaliation claims against CACPCS, and her claim that Vier aided and abetted retaliation under the NYSHRL, must be dismissed because Plaintiff does not plead, as a matter of law, sufficient facts to establish a materially adverse action, even in the aggregate. Finally, Vier is entitled to dismissal of NYCHRL claims that she aided and abetted retaliation and sex discrimination because, as a matter of law, Vier cannot be directly liable for retaliation and discrimination under the NYCHRL and for aiding and abetting at the same time, and because Plaintiff cannot ethically allege that Vier failed to respond to her complaint of sexual harassment (while she admits in the Complaint that Vier took action upon receiving Plaintiff's complaint that she was being sexually harassed).

# LEGAL ARGUMENT

## POINT I

### THE 30-DAY PERIOD IN EDUCATION LAW § 3813(1) EXTENDS NOTHING

Because the 30-day waiting period in New York Education Law § 3813(1) does not extend the Education Law's one-year statute of limitations, CACPCS is entitled to dismissal of Plaintiff's Third and Fifth causes of action.

Education Law § 3813(1)[1] states that "no action or special proceeding" may be commenced against a school unless the complaint alleges that the school "neglected or refused to make an adjustment or payment [of a claim] for thirty days after [a notice of claim is served.]" Plaintiff assumes this provision, and CPLR 204[2], forced her to wait 30 days after obtaining leave to serve a late notice of claim before commencing this action. Plaintiff is wrong.

Education Law § 3813(2-b) clearly provides that "notwithstanding any other provision of law providing a longer period of time…no action or special proceeding shall be commenced against [a school] more than one year after the cause of action arose." Education Law § 3813(2-b). Thus, though the one-year statute of limitations may be tolled during the pendency of a motion for leave to serve a late notice of claim, it simply cannot be extended further. *Rutigliano v. Board of Educ.,* 176 A.D.2d 866 (2d Dep't 1991). In *Rutigliano v. Board of Educ.,* 176 A.D.2d 866, 867 (2d Dep't 1991), the Second Department held that the plain language of Education Law § 3813(2-b) "preclude[ed] any tolling of the statute [of limitations] by the 30-day waiting period."

*Krauz v. Commack Union Free. Sch. Dist.,* 203 A.D.2d 334 (2d Dep't 1994) ruled identically. There, the Court held that, although the Education Law's one-year statute of

---

[1] Plaintiff does not dispute that Education Law § 3813 applies to charter schools such as CACPCS.
[2] CPLR 204 states that "where the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced."

limitations is tolled during the pendency of a motion for leave to serve a late notice of claim, said toll ends on the date that such motion is decided, and the statute of limitations is not further enlarged by the 30-day waiting period in Education Law § 3813(1). *Id.* at 334. Thus, in *Krauz*, the Second Department affirmed the dismissal of a plaintiff's claims, as time-barred, where the plaintiff who applied for leave to serve a late notice of claim with 39 days left on the statute of limitations, ultimately commenced her action 41 days after her motion for leave to serve a late notice of claim was granted. *Rutigliano* and *Krauz* compel dismissal here as Plaintiff similarly filed this lawsuit after the statute of limitations expired.

Courts interpret the General Municipal Law (the "GML") and the New York City Health and Hospitals Corporation Act (the "NYCHCA"), which are analogous to the Education Law, in the same manner. Both the GML and NYCHCA have corresponding language referencing 30 day waiting period between the service of a notice of claim and the commencement of an action. N.Y. Unconsol. Law § 7401(2); N.Y. Gen. Mun. Law § 50-i(1). Both statutes also contain analogous language to that of the Education Law expressly limiting the enlargement of the statute of limitations. N.Y. Unconsol. Law § 7401(2); N.Y Gen. Munic. Law § 50-i(3).

It is well settled that the length of the statute of limitations under the GML and NYCHCA is not extended by the waiting period between the service of a notice of claim and the commencement of an action. *See Baez v. New York City Health & Hosps. Corp.,* 80 N.Y.2d 571, 577 (1992) (holding that the statute of limitations under the NYCHCA was not extended by the 30 day waiting period set forth in N.Y. Unconsol. Law § 7401(1) or by CPLR 204(a))[3]; *Doddy v. City of New York,* 45 A.D. 3d 431 (1st Dep't 2007) (holding that the statute of limitations under the

---

[3] *Giblin v. Nassau Cty. Med. Ctr.,* 61 N.Y.2d 67 (1984) does not hold that the 30-day waiting period set forth in Gen. Mun. Law § 50-i(1) extends the statute of limitations.

GML was not extended by the waiting period set forth in Gen. Mun. Law § 50-i(1)).  The same result is warranted here.

Plaintiff's principal reliance on the so-called "*Barchet* rule" from *Barchet v. New York City Transit Auth.,* 20 N.Y.2d 1 (1967)-- which Plaintiff contends afforded her an extra 30 days to commence her action -- is utterly misplaced.  *Barchet* addressed the calculation of the statute of limitations under Public Authorities Law § 1212.  *See Barchet*, 20. N.Y. at 4.  But, CACPCS is not a public authority,[4] so *Barchet* and the other cases cited by Plaintiff for the same proposition, like *Burgess v. Long Island R. Auth.,* 79 N.Y.2d 777 (1991), are not relevant to the analysis here. Notably, the language of Public Authorities Law § 1212 and Education Law § 3813 are drastically different.  Public Authorities Law § 1212 does not include a provision similar to Education Law § 3813(2-b) expressly limiting the length of the statute of limitations.  Thus, *Barchet* and other cases cited by Plaintiff for the same proposition are inapplicable to this case governed by New York's Education Law. [5]

In *Toro v. City of New York*, 271 A.D.2d 523 (2d Dep't 2000), a case peculiarly cited by Plaintiff, the Second Department explicitly rejected *Barchet*, when it affirmed the dismissal of plaintiff's untimely claims who, like Plaintiff here, thought he was required to wait an additional 30 days after his late notice of claim was presented to commence his action.[6]  *See Toro,* 271 A.D.2d at 523.  Thus, *Toro,* like *Krauz* and *Rutigliano,* compels the same result here.[7]  As Plaintiff cannot

---

[4] Public authorities are state or local public benefit corporations. *See* Public Authorities Law § 2.

[5] *Serravillo v. N.Y.C. Transit Auth.,* 51.A.D.2d 1027 (1st Dep't 1976) is distinguishable for the same reason.

[6] In *Toro,* the plaintiff obtained leave to serve a late notice of claim on July 1, 1996.  As the statute of limitations ceased to be tolled at that time, the plaintiff had until August 22, 1996 to serve his notice of claim and commence his action.  *Toro,* 271 A.D.2d at 523.  The plaintiff served his notice of claim on July 31, 1996 and then commenced his action on September 5, 1996.  *Id.*  The plaintiff in *Toro,* relying on *Barchet,* unsuccessfully argued that he was required to wait an additional 30 days after the service of his notice of claim before commencing his action.

[7] *Hall-Kimbrell Environmental Svcs. Inc. v. East Ramapo Cent. Sch. Dist.,* 177 A.D.2d 56 (3rd Dep't 1992) is distinguishable.  The issue presented there was whether a contractor's letter informally referencing a claim against a school district was a valid notice of claim.  *Id.* at 56.  Though the Court referenced *Barchet* in *dicta,* it was not called

distinguish *Krauz* and *Rutigliano*, she asks this court to follow *Barchet* just because it is a Court of Appeals decision without regard to the fact that *Barchet* interprets an inapplicable statute that is irrelevant here.[8]

Plaintiff alleges that Jackson's allegedly unlawful conduct ended on June 20, 2017. Thus, Plaintiff had until June 20, 2018 to timely commence an action against CACPCS for any claims relating to same. Plaintiff sought leave to serve a late notice of claim on June 15, 2018, five days before the statute of limitations expired. The statute of limitations was then tolled until Plaintiff's application was granted. Thereafter, Plaintiff had five additional days to timely commence her action.[9] Although Plaintiff asserts that her motion for leave to serve a late notice of claim was not granted until the Order reflecting same was electronically docketed on October 1, 2018, this is of no moment as Plaintiff waited an additional twenty-four days thereafter to commence her action.[10] Thus, CACPCS is entitled to dismissal of Plaintiff's untimely filed NYSHRL and NYCHRL claims of discrimination, retaliation, and sexual harassment resulting from Jackson's conduct.

---

upon to address the situation presented here and analyzed in *Toro, Rutigliano* and *Krauz*. Indeed, *Hall-Kimbrell* fails to consider the limiting effect of Education Law § 3813(2-b) on the one year statute of limitations.

[8] Plaintiff fails to distinguish *Baez*, a more recent Court of Appeals decision interpreting a statute analogous to the Education Law and holding that the statute of limitations is not extended by the 30 day waiting period.

[9] Plaintiff's notice of claim was deemed timely *nunc pro tunc*. *Nunc pro tunc* "signifies now for then" and is an "entry made now of something actually previously done to have the effect of a former date." *See* Black's Law Dictionary, Sixth Edition (1990). Thus, to comply with Education Law § 3813(1), Plaintiff merely had to allege in that her late notice of claim, which was served in June 2018, was deemed timely *nunc pro tunc,* and that 30 days elapsed after service of same without payment or adjustment of the claim. Indeed, even if Plaintiff filed her complaint *before* obtaining leave to serve a late notice of claim, there would be no basis to dismiss her Complaint. *See Feduniak v. New York City Health & Hosps. Corp.,* --- N.Y.S.2d ---, 2019 App. Div. LEXIS 1563 (2d Dep't 2019) (decision granting motion for leave to serve late notice of claim and denying cross-motion to dismiss complaint for failure to serve a notice of claim); *see e.g.* Education Law § 3813(2-a).

[10] In addition to her improper reliance on *Barchet,* Plaintiff claims that she was waiting for Defendants to figure out if they wished to conduct a 50-h hearing. But, even a prompt and timely served 50-h notice does not extend the statute of limitations. *See Doddy,* 45 A.D.3d at 432 ("nothing contained herein or in [50-h] shall operate to extend the statute of limitations"). Likewise, Plaintiff's mistaken belief that the "*Barchet* rule" applied does not excuse her failure to timely commence her action. *See Love v. McCray,* 413 F.3d 192, 194 n.1 (2d Cir 2005) (lack of legal knowledge provided no basis for an extension of the statute of limitations).

## POINT II

## PLAINTIFF HAS NO PRIVATE RIGHT OF ACTION UNDER TITLE IX

Title IX does not provide a private right of action for employment discrimination based on sex or for retaliation resulting from a complaint of workplace sexual harassment, and therefore, the First and Second Causes of Action against CACPCS must be dismissed.  The Supreme Court and Second Circuit have never held otherwise.

Plaintiff cites *N. Haven Bd. of Educ. v. Bell*, 456 U.S. 512 (1982), for the proposition that Title IX "does provide a vehicle for plaintiffs to bring gender based discrimination claims." *See Dkt. # 43* at pg. 14.  Plaintiff also mistakenly relies on *Cannon v. Univ. of Chicago*, 441 U.S. 667 (1979), which held that a private right of action under Title IX was afforded to a female student who was denied admission to a university.  But, as the Fifth Circuit observed in *Lakoski v. James*, 66 F.3d 751 (5th Cir. 1995), when it ruled that an employee has no private cause of action under Title IX for gender discrimination in employment, *Cannon* held that a woman denied admission to a federally funded school because of her sex enjoys an implied private right of action under Title IX, and *Bell* involved a suit by the North Haven school district challenging the validity of federal regulations issued under Title IX terminating funding to educational institutions that discriminated against employees on the basis of sex.  *See Lakoski*, 66 F.3d at 754.  Neither case involved an allegation of workplace sex discrimination under Title IX.  Thus, those cases did not require the Supreme Court to address the relationship between Title VII and Title IX which, in *Lakoski*, and the case at bar, "occupies center stage." *Id.*[11]

Plaintiff also relies on the inapposite case of *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167 (2005).  There, the Supreme Court held that a private right of action exists under Title IX for

---

[11] Ultimately, akin to the majority of District Courts in this Circuit, the 5th Circuit was "unwilling to do such violence to the congressionally mandated procedures of Title VII" by permitting a private cause of action under Title IX. *Id.*

a retaliation claim by a basketball coach employed by a school district for complaining about discriminatory treatment of the school's female students' basketball team based on sex. *Id.* at 171-172. However that case differs because the protected activity by the coach was a complaint about discrimination based on sex against *students* being deprived of the educational benefits of a program, a core purpose of Title IX.[1213] In Jackson, the Court observed that "...teachers and coaches such as Jackson are often in the best position to vindicate the rights of their students because they are better able to identify discrimination and bring it to the attention of administrators. Indeed, sometimes adults at the school are "'the only effective adversar[ies]'" of discrimination against students in schools. *Id.*, 544 U.S. at 181. Here, by contrast, the Plaintiff is not seeking vindication of the rights of students enshrined under Title IX.

Similarly, none of the Second Circuit Title IX cases cited by Plaintiff establish that an employee has a private cause of action for workplace sex discrimination or retaliation under Title IX. *See O'Connor v. Davis*, 126 F.3d 112 (2d Cir. 1997) (Title IX sexual harassment claim by a student of Marymount College, not an employee); *Murray v. New York Univ. College of Dentistry*, 57 F.3d 243 (2d Cir. 1995) (involving a Title IX sexual harassment claim brought by a dental school student); *Burgess v. Harris Beach PLLC,* 346 Fed. Appx. 658 (2d Cir. Sept. 29, 2009) (affirming dismissal of a Title IX claim by Burgess, a plaintiff's attorney, who sued Harris Beach and a school district, a law firm that defended an employment discrimination action Burgess filed on behalf of a client against the school district, asserting allegations of "discovery abuse" by Harris

---

[12] *See* comments of Senator Bayh, Senate Sponsor of Title IX, "[Title IX] ...needed ...to provide women with solid legal protection as they seek education and training for later careers..." 118 Cong. Rec. 5806-5807 (1972), quoted in *Cannon v. University of Chicago*, 441 U.S. 677, 704 (1979).

[13] *Pejovic v. State Univ. of N.Y. at Albany,* 17-Cv-1092, 2018 U.S. Dist. LEXIS 125597 (N.D.N.Y. Jul 26, 2018) is similarly distinguishable. There, a coach was permitted to pursue a discrimination claim under Title IX because he lost his job when the defendant terminated the women's tennis program. Like *Jackson*, this case involved discrimination relating to *students* being deprived of educational benefits, not a complaint of workplace sexual harassment.

Beach in her client's action on the grounds that Burgess had no relationship with defendants that would invoke the protections of Title IX); *Weinstock v. Columbia Univ.,* 224 F.3d 33 (2d Cir. 2000) (affirming dismissal of sex discrimination claims brought by a professor under Title VII and Title IX, by ruling that because summary judgment was warranted under Title VII, Plaintiff's Title IX must also be automatically dismissed, without considering whether a private right of action ever existed under Title IX).[14]

Plaintiff notes that in *Henschke v. N.Y. Hosp.-Cornell Med. Ctr.*, 821 F.Supp. 166 (S.D.N.Y. 1993), the Court held that an employee could sue for sex discrimination under Title IX. *Henschke,* 821 F.Supp. at 172.  The Court premised its ruling in *Henscheke,* however, on the same mistaken interpretation of *Cannon* and *Bell* that Plaintiff espouses here.   Thereafter, in *Towers v. State Univ. of N.Y.*, No. 04-cv-5243 (FB) (RML), 2007 U.S. Dist. LEXIS 37373, *10-11 (E.D.N.Y. May 21, 2007), the Court reached the opposite conclusion, holding that, for the reasons articulated in *Lakoski* (described above), the "judicial calculus" in *Henscheke* was incorrect. *Id.* at *12. Rather, Title IX does not provide a private right of action for employment discrimination because, as Title VII predated Title IX, and as Title IX contains no language creating an exception to the stringent administrative enforcement procedures contained in Title VII, Congress intended Title VII to provide an exclusive avenue of relief for employment discrimination. *Id.* at * 11.  Indeed, if in enacting Title IX Congress truly intended to depart from the structure it established in Title VII by permitting employees to bypass Title VII's mandatory enforcement mechanisms, it would have done so explicitly. *Vega v. State Univ. of N.Y.*, No. 97-CV-57467 (DLC), 2000 U.S. Dist. LEXIS

---

[14] The *Weinstock* Court disposed of plaintiff's Title IX claims in a footnote by stating, in *dicta,* that the dismissal of claims under Title VII warranted automatic dismissal of claims under Title IX. *Weinstock,* 224 F.3d 33, at 42. *Hilow v. Rome City Sch. Dist.* 91-CV-567, 1994 U.S. Dist. LEXIS 8953 (N.D.N.Y. June 29, 1994) is similarly distinguishable. In *Hilow,* like *Weinstock,* the Northern District applied Title VII standards to a Title IX claim without discussing or considering whether a private right of action existed under Title IX. *Hayut v. State Univ. of N.Y.* 352 F.3d 733 (2d Cir. 2003) is distinguishable as it involved a harassment claim by a student. Also, *Hayut* did not address the standard for a Title IX retaliation claim, the purpose for which it is cited by Plaintiff.

4749, at 9-10 (S.D.N.Y. April 13, 2000). Indeed, Plaintiff does not explain why her Title IX claims are not completely preempted by Title VII.[15]

Thus, Plaintiff's First and Second Causes of Action must be dismissed as no private cause of action for employment discrimination or workplace retaliation exists under Title IX.

## POINT III

## THE COMPLAINT DOES NOT MEET *GEBSER'S* PLEADING STANDARD

In Point III of her brief in opposition, Plaintiff concedes that to state a claim against CACPCS, under Title IX she must allege that "an official of [CACPCS], 'who at a minimum has authority to institute corrective measures on [CACPCS'] behalf, must have actual notice of, and is deliberately indifferent to, [sexual harassment]." *See Dkt.* # 43, at pg. 19 *citing Folkes v. N.Y. Coll. of Osteopathic Med. of N.Y. Inst of Tech.*, 214 F.Supp.2d 273, 275 (E.D.N.Y. 2002); *see also Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998). Even if Plaintiff had a private right of action under Title IX (which she does not), she fails to state a claim upon which relief may be granted because the Complaint does not allege facts that, if taken as true, meet this standard.

Plaintiff acknowledges that to state a claim under Title IX, an "appropriate official" must have enough actual "knowledge of the harassment that it could have reasonably responded with remedial measures to address the kind of harassment upon which [Plaintiff's] legal claim is based." *Dkt.* # 43, at pg. 19 *citing Folkes,* 214 F. Supp. 2d at 284-85. However, Plaintiff offers no response

---

[15] Rather, Plaintiff alleges that "countless" district court decisions have held that a private right of action for employment discrimination exists under Title IX. This is misleading because besides *Henscheke,* only three other district court decisions have reached the conclusion that a private cause of action for employment discrimination/retaliation exists under Title IX. *See Pejovic,* 2018 U.S. Dist. LEXIS 125597; *AB v. Rhinebeck Cent. Sch. Dist.* 224 F.R.D. 144 (S.D.N.Y. 2004); *Kolhausen v. SUNY Rockland Cty.,* 10-CV-3168, 2011 U.S. Dist. LEXIS 42055 (S.D.N.Y. Feb. 9, 2011). These cases are distinguishable because they reached their holdings based upon the same flawed interpretation of precedent used by the *Henscheke* Court. Despite Plaintiff's representations, the majority of District Courts hold that no private right of action exists for employment discrimination and retaliation under Title IX. *See* Defendants' Mem. in Supp. at pg. 11; *Gardner v. St. Bonaventure Univ.,* 171 F.Supp.2d 118 (W.D.N.Y. 2001) (concluding, based on the legislative history of the two statutes, that Title IX does not cover claims by employees in educational purpose because Title VII was amended for that purpose.).

to Defendants' argument that the Complaint is devoid of any allegations establishing[16] that an "appropriate official" had actual notice[17] of the harassment to which Plaintiff was subjected prior to Plaintiff's alleged complaint to Vier in June, 2017.  Indeed, the incident witnessed by two "high-level" administrators (whom Plaintiff does not allege had appropriate remedial authority), in which Jackson allegedly "backed Plaintiff up against a wall" in a hallway, made comments that Plaintiff conclusorily alleges were "sexual," and commented to Plaintiff that "you need to stop avoiding me," simply cannot give CACPCS actual notice that Jackson was unlawfully sexually harassing Plaintiff. *See e.g. Doe v. Flaherty,* 623 F.3d 577, 585 (8th Cir. 2010) (holding that inappropriate text messages did not put school on actual notice of sexual abuse).[18]  Likewise, Plaintiff's alleged complaint to Emily Seyburne does not serve to give CACPCS actual notice because Plaintiff does not allege she complained to Seyburne about harassment.  Similarly, to the extent Plaintiff claims she also complained to various teachers and administrative assistants, such complaints do not provide CACPCS with "actual notice" because the Complaint does not state that they were brought to an official who could act upon them.

Recognizing these defects, Plaintiff attempts to mislead the Court by arguing she can establish "actual notice" because "supervisory or management level employees" knew of Jackson's conduct even if they had no power to remedy it.[19]  *See Dkt. #* 43 at pg. 21 *citing Kracunas*

---

[16] Plaintiff takes issue with the use of the word "establish" inasmuch as she thinks Defendants argue that her Complaint must *prove* something.  Plaintiff fails to appreciate that to state a cause of action, Plaintiff's complaint must plead factual allegations that, if taken as true, *establish* a cause of action.

[17] The Complaint is peppered with the words "actual notice."  But Plaintiff's mere use of words reflecting a legal standard is insufficient to state a claim without supporting factual allegations.

[18] In *Folkes,* the Court found that actual notice existed because a student, who was subjected to inappropriate sexual touching by a teacher, told a Dean with remedial authority that the teacher "touched her buttocks" and pushed her "in front of his crotch". *Folkes,* 214 F.Supp.2d at 286.  These allegations were sufficient to give the school "enough notice" "of the kind of harassment (i.e. sexual touching) upon which the plaintiff's legal claim is based." *Id.* at 284. Here, however, the vague allegations about what was witnessed during the incident in the hallway, and Plaintiff's alleged comment to Seyburne about her "discomfort" working with Jackson are insufficient to give actual notice.

[19] Plaintiff's opposition is contradictory inasmuch as Plaintiff admits that she must meet *Gebser's* pleading standard, only to argue later that her Complaint suffices under a less stringent and overruled standard.

*v. Iona Coll.,* 119 F.3d 80, 89-90 (2d Cir. 1997). But, as *Kracunas* was overruled by the U.S. Supreme Court's subsequent decision in *Gebser,* this is not an accurate statement of the law. *See Miles v. New York Univ.*, No. 94-CV-8685, 1998 U.S. Dist. LEXIS 11008 (S.D.N.Y. Jul. 22, 1998) (upholding dismissal of complaint because *Kracunas* was overruled by *Gebser.).* As *Gebser* holds, actual notice is established only when that the official who receives notice of misconduct has the authority to remedy it. *Gebser,* 524 U.S. at 290.

Remarkably, Plaintiff also argues that notice can be established when "harassment is so pervasive that school officials should have known about it." *See Dkt. # 43 at pg. 21 citing Doe v. Lago Vista Indep. Sch. Dist.,* 106 F.3d 1223 (5th Cir. 1997).[20] However, constructive knowledge (*i.e.*, allegations that CACPCS should have known of the harassment) is not enough to state a claim under Title IX. *Zeno v. Pine Plains Cent. Sch. Dist.,* 702 F.3d 655, 666 (2d Cir. 2012).

Similarly, the Complaint does not establish that CACPCS acted with "deliberate indifference." First, because the Complaint does not allege that CACPCS had actual notice of Jackson's harassment before June 20, 2017, it follows that CACPCS' alleged failure to act remedially cannot be "deliberately indifferent."[21] Likewise, CACPCS did not act with "deliberate indifference" in response to Plaintiff's complaint in June 2017, because regardless of whether CACPCS investigated Plaintiff's complaint and fired Jackson (as Plaintiff swore in her EEOC charge and Notice of Claim) or permitted him to resign (as the Complaint now claims) it took remedial measures to remove Jackson from its workplace. *See Tesoriero v. Syosset Cent. Sch. Dist.,* 382 F.Supp.2d 387 (E.D.N.Y. 2005) (holding that a school does not act with deliberate

---

[20] Plaintiff's citation to *Doe* is irresponsible. On appeal to the Supreme Court, *Doe* was overruled by the Supreme Court's decision in *Gebser* in which the "actual notice" standard was enshrined into law nationwide.
[21] *Gebser* establishes that Plaintiff must plead actual notice *and* the failure to respond. Thus, a school cannot fail to adequately respond to something it has no adequate notice of.

indifference where it promptly investigates and institutes corrective measures). Thus, even if Plaintiff has a private right of action under Title IX, such claims must be dismissed.

## POINT IV

## DISMISSAL OF PLAINTIFF'S NYSHRL RETALIATION CLAIMS IS WARRANTED

Plaintiff cannot salvage her NYSHRL retaliation claims because the alleged adverse actions, individually, or even, if considered in the aggregate, are insufficient as a matter of law to be actionable.

In opposition, Plaintiff relies on inapposite cases where courts found that an adverse action occurred "in the aggregate" where plaintiffs were subjected to a series of discrete, specifically plead adverse acts that were alleged to have occurred (or a series of acts that began to occur) shortly after such plaintiffs engaged in protected activity and then continued on specific dates over a specifically plead length of time.[22][23]  These cases differ because, unlike here, protected activity was closely followed in time by a temporal chain of adverse acts.  Accordingly, due to the "totality of the circumstances" these Courts were able to derive a materially adverse action in the aggregate.

---

[22] *See Penn v. N.Y. Methodist Hosp.*, No. 11-CV-9137 2013 U.S. Dist. LEXIS 142109 at 8 (E.D.N.Y. Sept. 30 2013) (adverse action stated in the aggregate where Plaintiff's EEOC charge filed September 8, 2010 was followed by a minor adverse act on October 14, 2010 and additional acts on specific dates throughout 2010 and 2011); *Kirkweg v. New York City Dep't of Educ.*, 12-CV-2635 (WHP) 2013 U.S. Dist. LEXIS 55042 at *3, 13-15 (adverse action stated where Plaintiff filed EEOC complaint in November, 2011 and was subjected to discrete specific adverse acts in December 2011, and January, February, March and April, 2012).  *Friel v. Cty. Of Nassau*, 947 F.Supp.2d 239 (E.D.N.Y. 2013) differs because there an adverse action existed because the plaintiff was subjected to a computer audit (resulting in discipline) and reduction in work assignments *shortly* after she complained.

[23] *Hicks v. Baines*, 593 F.3d 159 (2d. Cir 2010) is distinguishable.  There, a supervisor caused a plaintiff to be disciplined one month after the supervisor was reprimanded as a result of the plaintiff's complaint and punitively changed the plaintiff's work schedule. *Id.* at 168.  In *Hicks* the plaintiff was rescheduled to work alone in a detention facility with an inmate who had made complaints against the plaintiff and threatened violence. *Id.* Thus, in *Hicks* unlike here, the Court found an adverse action because the plaintiffs schedule was not only changed, it was done in a manner that reflected an intent on the part of the supervisor to punitively respond to the plaintiff's complaint. *Id. Kaur v. New York City Health & Hosps. Corp.*, 688 F.Supp.2d 317 (S.D.N.Y. 2010) does hold that separate acts can be materially adverse in the aggregate. *Kuar* 688 F.Supp.2d 317 at 332 ("No authority for the proposition that this Court should consider the cumulative effect of individually alleged adverse actions.").

Here, even if the conduct alleged by Plaintiff, in the aggregate, constituted a material adverse action (which it does not), she still does not allege facts showing a temporal connection necessary to state a claim of retaliation against Vier under NYSHRL.  Indeed, in opposition, she does not dispute her failure to allege sufficient facts to support a causal/temporal connection. Inasmuch as Plaintiff does not allege when the write-ups occurred, she cannot establish a causal connection between them and her complaint in June 2017. *See Littlejohn v. City of New York,* 795 F.3d. 297, 319 (2d Cir. 2015)[24] (holding that a complaint must plead facts that indirectly establish causation by showing that the protected activity was followed closely by an adverse action). Moreover, even if Plaintiff amended her pleadings to specify dates when the alleged adverse actions occurred, she still falls woefully short of pleading that she was subjected to conduct that was so "substantial in gross" to be actionable.  Indeed, in *Rowe v. New York State Div. of the Budget,* 2013 U.S. Dist. LEXIS 175496 (N.D.N.Y. Dec. 11, 2013), the Court found an adverse action existed in the aggregate where plaintiff alleged that her employer retaliated against her by: (1) refusing to promote her; (2) excluding her from meetings, trainings and projects; and (3) changing her position/job title.  In contrast, Plaintiff alleges only that her schedule was changed,[25] and she later received two disciplinary write ups.   Such allegations hardly support the inference that protected activity of a "reasonable worker" would be dissuaded.

## POINT V

## THE AIDING AND ABETTING CLAIMS AGAINST VIER MUST BE DISMISSED

Plaintiff alleges that Vier is liable for aiding and abetting sex discrimination and retaliation by CACPCS.  But the aiding and abetting claim cannot survive against Vier where the underlying claims of sex discrimination and retaliation against CACPCS have been dismissed for failure to

---

[24] Plaintiff fails to address this point in her opposition.
[25] Notably, Plaintiff does not allege that she was the only teacher whose schedule was changed.

state a claim.[26]  Moreover, in opposition, Plaintiff does dispute that she cannot hold Vier directly liable for retaliation or sex discrimination[27] as an "employer" under NYSHRL and NYCHRL **and** simultaneously pursue a claim against Vier for aiding and abetting.  Nor does she distinguish the case cited by Vier in support of that proposition.  *Roelcke v. Zip Aviation, LLC,* 15-CV-6284 (DAB), 2018 U.S. Dist. LEXIS 51452, at *24-25 (S.D.N.Y. Mar. 26, 2018) (aiding and abetting allegations dismissed against an individual also alleged to be directly liable as an "employer"). Plaintiff also fails to distinguish case law cited by Vier establishing that Vier *also* cannot be found to have "aided and abetted" her own alleged retaliatory conduct.  *See Malanga v. NYU Langone Med. Ctr.,* No. 14-CV-9681, 2015 U.S. Dist. LEXIS 153304, at *14 (S.D.N.Y. Nov. 12, 2015) (dismissing NYCHRL claim, court observed "[a]s [the individual defendant's] alleged actions give rise to the discrimination claim, [the individual defendant] cannot be held liable for aiding and abetting.").[28]  For these reasons, Vier is entitled to dismissal of Plaintiff's aiding and abetting claims under the NYSHRL and NYCHRL.

## CONCLUSION

Defendants CACPCS and Casey Vier respectfully request that the Court grant their motion to dismiss the Complaint and award them such other and further just and proper relief.

---

[26] *Pellegrini v. Sovereign Hotels, Inc.,* 740 F. Supp. 2d 344, 356 (N.D.N.Y. 2010) ("Importantly, since it is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting, a plaintiff cannot prevail against an individual on her state claims unless she can first establish the liability of her employer.").

[27] There are no factual allegations that Vier engaged in sex discrimination against Gayle, other than as an "employer;" no allegations that Plaintiff was treated less favorably because of her gender by Vier or subjected to a hostile work environment by Vier because of Plaintiff's female gender.

[28] The cases cited by Plaintiff are inapposite because they do not involve situations where an individual who aided and abetted discrimination/retaliation was also alleged to be directly liable as an employer. *See Dkt.* #43 at pg. 24-25.

Dated:  Woodbury, New York
        March 21, 2019

                                       Respectfully submitted,
                                         KAUFMAN DOLOWICH & VOLUCK, LLP

                                  By: _____
                                         Keith Gutstein, Esq.
                                         Aaron N. Solomon, Esq.
                                         *Attorneys for Defendants*
                                         *Children's Aid College Prep Charter School*
                                       *and Casey Vier*
                                       135 Crossways Park Drive, Suite 201
                                       Woodbury, New York 11797
                                       (516) 681-1100

4825-1145-0505, v. 1