UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LA TASHIA GAYLE,                                                              Civil Action No.:
                                                                              18-CV-09874 (GBD)
                              Plaintiff,

       -against-

CHILDREN'S AID COLLEGE PREP CHARTER SCHOOL,
CHILREN'S AID OF NEW YORK, CASEY VIER, *In Her
Individual and Official Capacities*, and DEVON JACKSON,
*In His Individual and Official Capacities.*

                              Defendants.
-------------------------------------------------------------------------X

---

**DEFENDANT DEVON JACKSON'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR DISMISSAL OF THE SIXTH AND SEVENTH CAUSES OF ACTION IN PLAINTIFF'S AMENDED COMPLAINT**

---

Law Offices of Yale Pollack, P.C.
*Attorneys for Defendant Devon Jackson*
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

SUMMARY OF RELEVANT ALLEGATIONS AGAINST JACKSON ................................... 2

STANDARD OF REVIEW ......................................................................................................... 4

ARGUMENTS ............................................................................................................................. 5

    POINT I .................................................................................................................................. 5

THE SIXTH CAUSE OF ACTION FOR RETALIATION MUST BE
DISMISSED BECAUSE PLAINTIFF DID NOT ENGAGE IN ANY
PROTECTED ACTIVITY RESULTING IN JACKSON TAKING ANY
MATERIALLY ADVERSE ACTION AGAINST HER

    POINT II ................................................................................................................................. 9

THE SEVENTH CAUSE OF ACTION FOR RETALIATION AGAINST
JACKSON FOR AIDING AND ABETTING FAILS AS A MATTER OF LAW
AS HE CANNOT AID AND ABET HIS OWN CONDUCT

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Antonmarchi v. Consol. Edison Co.*,
2008 WL 4444609 (S.D.N.Y. Sept. 29, 2008) .................................................................. 7

*Batten v. Glob. Contact Servs., LLC*,
2018 WL 3093968 (E.D.N.Y. June 22, 2018) ................................................................ 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......................................................................................................... 4

*Constance v. Pepsi Bottling Co.*,
2007 WL 2460688 (E.D.N.Y. Aug. 24, 2007) .................................................................. 7

*Galabya v. New York City Bd. of Educ.*,
202 F.3d 636 (2d Cir. 2000) .......................................................................................... 5, 8

*Gonzalez v. City of New York*,
2015 WL 9450599 (E.D.N.Y. Dec. 22, 2015) .................................................................. 7

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009) ............................................................................................... 4

*Johnson v. Eastchester Union Free Sch. Dist.*,
211 F. Supp. 2d 514 (S.D.N.Y. 2002) .............................................................................. 7

*Ludwig v. Rochester Psychiatric Ctr.*,
550 F.Supp.2d 394 (W.D.N.Y. 2008) ............................................................................... 7

*Malanga v. NYU Langone Med. Ctr.*,
2015 WL 7019819 (S.D.N.Y. Nov. 12, 2015) ................................................................ 10

*Mi-Kyung Cho v. Young Bin Cafe*,
42 F. Supp. 3d 495 (S.D.N.Y. 2013) ................................................................................ 5

*Mohamed v. NYU*,
2015 WL 3387218 (S.D.N.Y. May 21, 2015) .................................................................. 8

*Motta v. Glob. Contract Servs. Inc.*,
2016 WL 2642229 (S.D.N.Y. May 4, 2016) .................................................................... 8

*Raneri v. McCarey*,
712 F. Supp. 2d 271 (S.D.N.Y. 2010) ............................................................................ 10

*Rivera v. Potter*,
2005 WL 236490 (S.D.N.Y. Jan. 31, 2005) ............................................................................. 7

*Ruhling v. Tribune Co.*,
2007 WL 28283 (E.D.N.Y. Jan. 3, 2007) ............................................................................... 7

*Sanders v. New York City Human Res. Admin.*,
361 F.3d 749 (2d Cir. 2004) ................................................................................................... 5

*Simon v. City of New York*,
2019 WL 916767 (S.D.N.Y. Feb. 14, 2019) ........................................................................... 5

*Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*,
843 F.3d 561 (2d Cir. 2016) ................................................................................................... 4

## PRELIMINARY STATEMENT

Defendant Devon Jackson ("Jackson") respectfully submits this Memorandum of Law in support of his motion to dismiss the Sixth and Seventh Causes of Action asserted against him in the Amended Complaint (the "Complaint") filed by Plaintiff La Tashia Gayle ("Plaintiff").

In this action, Plaintiff alleges the following causes of action against Jackson in the Complaint: (a) gender discrimination under New York City Human Rights Law, New York City Administrative Code §8-107 ("NYCHRL") (the Fifth Cause of Action); (b) retaliation under the NYCHRL (the Sixth Cause of Action); and (c) aiding and abetting retaliation under the NYCHRL (the Seventh Cause of Action).[1] *See the Amended Complaint, ECF No. 20 ("Compl."), attached as Exhibit "A" to the accompanying Declaration of Yale Pollack, pp. 32-38.*

As set forth herein, the Sixth and Seventh Causes of Action against Jackson should be dismissed based on their failure to state a plausible claim for relief against him. Initially, the retaliation claims against Jackson must be dismissed because the Complaint fails to allege that Plaintiff engaged in any protected activity that resulted in Jackson taking any materially adverse action against her. Indeed, all of the purported retaliatory acts took place after Jackson's employment with Defendant Children's Aid College Prep Charter School (the "School") was terminated in June 2017. Furthermore, any claim for aiding and abetting against Jackson fails as he cannot aid and/or abet his own alleged conduct and the claim is otherwise be duplicative of the Fifth Cause of Action.

As more fully set forth herein, and incorporating by reference the arguments made by Defendant Casey Vier's ("Vier") motion to dismiss the claims against her as the other individually

---

[1] The First through Fourth Causes of Action are all specifically asserted against co-defendants Children's Aid College Prep Charter School and Children's Aid Society.

1

named defendant in the action, it is respectfully submitted that the Complaint fails to allege plausible claims against Jackson, warranting dismissal of the Sixth and Seventh Causes of Action in the Complaint against him.

## SUMMARY OF RELEVANT ALLEGATIONS AGAINST JACKSON[2]

In the Complaint, Plaintiff alleges that she began her employment with the School on or about October 26, 2012. *Compl.,* ¶*26.* Plaintiff alleges that Jackson started his position as the Dean of Students of the School in or around March 6, 2015 and became her direct supervisor at that time, nearly two and a half years after Plaintiff's hire. *Compl.,* ¶¶*26, 29-31.*

Plaintiff alleges that after Jackson's hire, he subjected Plaintiff "to continuous .. ongoing sexual harassment and a hostile work environment." *Compl.* ¶*31.* The Complaint then goes onto make specific allegations of Jackson's conduct as it related to Plaintiff, including the following:

- Saying that she was "pretty" and had a "nice shape" (*Compl.,* ¶*34*);

- Telling her that he would have thought she had "big ankles" based on her "tick bottom (*Compl.,* ¶*35*);

- Touching Plaintiff, including her shoulder, hand, palm, legs, thighs, buttocks, crotch, and trying to reach under her dress (*Compl.,* ¶¶*40-43, 49-50*);[3]

- In June 2015, asking Plaintiff whether she shaved her vagina (*Compl.,* ¶*46*);

- Asking Plaintiff whether she wanted to have sex with him and if he could feel her crotch (*Compl.,* ¶*53*);

- Attempting to pull her pant down in June 2015 (*Compl.,* ¶*54*);

---

[2] The recitation of facts herein is drawn from the allegations in the Complaint, which are being accepted as true for purpose of this motion only.

[3] Plaintiff asserts that this conduct occurred "on multiple occasions throughout 2014-2105 school year" (*Compl.,* ¶¶*49, 54*), but fails to identify the dates on which they occurred, which are clearly relevant given that Plaintiff acknowledges that Jackson was only hired in March 2015. *Compl.,* ¶¶*26, 29-31.*

2

- Expressing that he wanted to see if Plaintiff shaved below the belt (*Compl., ¶55*);

- Telling Plaintiff that she should have sex with him because he helped get her a raise (*Compl., ¶¶60-62*);

- Staring at Plaintiff's rear-end at some point during the 2015-2016 school year and commenting on her appearance (*Compl., ¶¶63-64*);

- Making similar, unspecified sexual comments, innuendo, propositions, sexual gestures and other inappropriate conduct on a daily basis on some undisclosed dates during the 2015-2016 school year (*Compl., ¶¶63-64*);

- Suggesting that they should have sex together during a wedding they both attended on July 17, 2016 (*Compl., ¶¶69-71*);

- Forcing her against a wall in August 2016 to tell her to stop avoiding him (*Compl., ¶¶74-76*);

- Continuing to make unspecified sexual gestures towards Plaintiff throughout the course of 2017, including, on at least thirty (30) unspecified occasions, rubbing his finger in her palm (*Compl., ¶¶85-86*);

- Attempting to place his hands down hand down Plaintiff's pants three times per week over the entire course of her employment (*Compl., ¶87*);

- In March 2017, asking Plaintiff to stay for a sexual encounter when she drove him to his house to pick up his spare keys (*Compl., ¶¶92-96*);

- On May 19, 2017, asking Plaintiff to go to a hotel with him for his birthday (*Compl., ¶97*); and

- Continuing some unspecified sexual harassment and abusive conduct towards Plaintiff until June 20, 2017 (*Compl., ¶113*).

Plaintiff alleges that Jackson's employment with the School terminated sometime over the summer of 2017, before the 2017-2018 school year commenced. (*Compl., ¶137*).

## **STANDARD OF REVIEW**

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must "accept[] all factual allegations as true and draw[] all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). Under the *Twombly* standard, the Court may only dismiss a complaint if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In *Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009), the Second Circuit explained that the Court's Fed. R. Civ. P. 12(b)(6) inquiry is guided by the following principles:

> First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Id.* at 72 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)).

With these principles in mind, it is respectfully submitted that the Sixth and Seventh Causes of Action asserted in the Complaint cannot be maintained against Jackson and his motion to dismiss should be granted.

## ARGUMENTS

### POINT I

### THE SIXTH CAUSE OF ACTION FOR RETALIATION MUST BE DISMISSED BECAUSE PLAINTIFF DID NOT ENGAGE IN ANY PROTECTED ACTIVITY RESULTING IN JACKSON TAKING ANY MATERIALLY ADVERSE ACTION AGAINST HER

Plaintiff's Sixth Cause of Action against Jackson is for retaliation under the NYCHRL.

"To state a claim for retaliation under the NYCHRL, a plaintiff must show (1) that she participated in a protected activity known to defendants; (2) that defendants took an action that disadvantaged her; and (3) that a causal connection exists between the protected activity and the adverse action." *Simon v. City of New York*, 2019 WL 916767, at *10 (S.D.N.Y. Feb. 14, 2019). "Protected activity within the meaning of the NYSHRL and NYCHRL is conduct that 'oppos[es] or complain[s] about unlawful discrimination.'" *Mi-Kyung Cho v. Young Bin Cafe*, 42 F. Supp. 3d 495, 507 (S.D.N.Y. 2013) (citations omitted). "A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000). "To be materially adverse, a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Sanders v. New York City Human Res. Admin.*, 361 F.3d 749, 755 (2d Cir. 2004) (citation omitted).

To support her retaliation claims, Plaintiff alleges that after she complained to the School and Vier about Jackson's alleged conduct, she was "subjected to a further hostile work environment and adverse employment actions in retaliation for engaging in protected activity." *Compl.*, ¶275. Plaintiff claims that: (a) her schedule was changed; (b) she was reprimanded for unreasonable situations; (c) she was given an increased workload; and (d) had her customary lunch hour shifted. *Compl.*, ¶276.

In her Complaint, each and every purported adverse employment action was allegedly taken by the School against her *after* Jackson's employment with the School was terminated in summer 2017. After Jackson's termination, Plaintiff alleges that the co-defendants:

- Made it difficult for her to perform the duties of her job and/or altered the work environment (*Compl.*, *¶146*);
- Stopped communicating with her, unless it was for Vier to reprimand her (*Compl.*, *¶¶147, 149*);
- Altered her work schedule (*Compl.*, *¶¶152, 155-157*);
- Changed her lunch break period (*Compl.*, *¶153*); and
- Increased her workload (*Compl.*, *¶158*).

Since all of these actions took place when Jackson was no longer with the School, Plaintiff cannot maintain any claims for retaliation against him as Jackson could not have any affect on the terms and conditions of Plaintiff's employment after he was gone.

To the extent that Plaintiff's retaliation claims against Jackson are based on him holding "pop up" meetings (*Compl.*, *¶100*) or preventing her from going lunch (*Compl.*, *¶91*), these allegations are insufficient to support a retaliation claim as a matter of law.

Initially, Plaintiff does not allege that she engaged in any protected activity prior to the "pop up" meetings or prevention of lunch in order to maintain a retaliation claim. Nowhere in the Complaint does Plaintiff allege that she opposed or complained of any unlawful conduct before these alleged actions took place. If Plaintiff is relying on the alleged rejection of Jackson's sexual advances as a protected activity, it has been held that "rejection of sexual advances alone is not protected activity for the purposes of a retaliation claim because otherwise every harassment claim would automatically be a retaliation claim as well, creating a redundancy that the canons of interpretation disfavor." *Gonzalez v. City of New York*, 2015 WL 9450599, at *5 (E.D.N.Y. Dec.

6

22, 2015). Since Plaintiff fails to allege any protected activity to support her retaliation claims against Jackson, the claim must fail.

Assuming, *arguendo*, that Plaintiff can plausibly claim that she engaged in a protected activity, the retaliation claims still fail since Jackson took no materially adverse actions against her.

With regard to the "pop up" meetings, such meetings do not constitute materially adverse employment actions as they would amount to nothing more than mere inconveniences, which are not actionable as a matter of law. *See, e.g., Ludwig v. Rochester Psychiatric Ctr.*, 550 F.Supp.2d 394, 399 (W.D.N.Y. 2008) (finding no adverse employment action where there were minor changes to plaintiff's work schedule); *Antonmarchi v. Consol. Edison Co.*, 2008 WL 4444609, at *14 (S.D.N.Y. Sept. 29, 2008) ("Unfavorable hours do not constitute an adverse employment action for the purposes of Title VII."); *Constance v. Pepsi Bottling Co.*, 2007 WL 2460688, at *18 (E.D.N.Y. Aug. 24, 2007) ("[P]laintiff's complaints that he was required to travel and had irregular shifts requiring him to work at night and on occasional weekends amounts to mere inconveniences rather than adverse actions." (internal citation omitted); *Ruhling v. Tribune Co.*, 2007 WL 28283, at *10 (E.D.N.Y. Jan. 3, 2007) ("[I]t should be noted that a schedule change standing alone does not constitute an adverse employment action."); *Rivera v. Potter*, 2005 WL 236490, at *6 (S.D.N.Y. Jan. 31, 2005) (an unwanted schedule change is not an adverse employment action); *Johnson v. Eastchester Union Free Sch. Dist.*, 211 F. Supp. 2d 514, 518 (S.D.N.Y. 2002) (holding that where a plaintiff identified a shift change and a transfer to a different school so that the new hours and location would be "very inconvenient" did not constitute a materially adverse employment action).

7

As to Plaintiff allegedly being prevented from taking lunch, this too is not a materially adverse employment action as it did not constitute "a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices ... unique to a particular situation." *Galabya*, 202 F.3d at 640. As Plaintiff alleges that this happened on only about four occasions, just as with the "pop up" meetings, these would not constitute anything more than an inconvenience, which is not actionable.

Moreover, the allegations about Plaintiff being prevented from taking lunch are far too conclusory to support a materially adverse employment action as there is nothing in the Complaint as to the dates on which these lunch preventions took place or how Jackson actually "prevented" Plaintiff from going to lunch, including whether she was not able to take her lunch at all or if she simply had to take a meal at some other point in the day. *See, e.g. Mohamed v. NYU*, 2015 WL 3387218, at *25 (S.D.N.Y. May 21, 2015) (finding that the plaintiff's retaliation action was ... lacking for purposes of gleaning whether or not his claims constitute something more than 'trivial harms,' that is, 'those petty slights or minor annoyances that often take place at work and that all employees experience,' which are not materially adverse or actionable under Title VII or the ADEA.") (citations omitted); *Motta v. Glob. Contract Servs. Inc.*, 2016 WL 2642229, at *4 (S.D.N.Y. May 4, 2016) (dismissing the retaliation claim because the complaint failed to provide "the dates of either her complaint(s) or termination, or anything else to support the inference that the termination was retaliatory" so that the "thin allegations of retaliation fail to 'assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible.'") (citations omitted).

Based on the foregoing, the Sixth Cause of Action the Complaint against Jackson should be dismissed.

## POINT II

### THE SEVENTH CAUSE OF ACTION FOR RETALIATION AGAINST JACKSON FOR AIDING AND ABETTING FAILS AS A MATTER OF LAW AS HE CANNOT AID AND ABET HIS OWN CONDUCT

Plaintiff's Seventh Cause of Action against Jackson is for retaliation under the NYCHRL, the only distinction from the Sixth Cause of Action being that it is under an aiding and abetting theory. Otherwise, it is duplicative of the Fifth Cause of Action.

Since the Fifth Cause of Action seeks to hold Jackson liable as an "employer" under the NYCHRL for gender discrimination, Plaintiff cannot also maintain a claim against Jackson for aiding and abetting discrimination and retaliation. *See Roelcke v. Zip Aviation, LCC*, 2018 WL 1792374, at *9 (S.D.N.Y. Mar. 26, 2018) (dismissing NYSHRL and NYCHRL aiding and abetting claims against an individual who was alleged to be an employer); *Malanga v. NYU Langone Med. Ctr.*, 2015 WL 7019819, at *5 (S.D.N.Y. Nov. 12, 2015) (dismissing NYCHRL aiding and abetting claim observing "[a]s [the individual defendant's] alleged actions give rise to the discrimination claim, [the individual defendant] cannot be held liable for aiding and abetting."); *Raneri v. McCarey*, 712 F. Supp. 2d 271, 282 (S.D.N.Y. 2010) ("An individual cannot aid and abet his own alleged discriminatory conduct" where one individual's alleged actions give rise to the discrimination claim.").

Similar facts were present in *Batten v. Glob. Contact Servs., LLC*, 2018 WL 3093968 (E.D.N.Y. June 22, 2018), where the court held that plaintiff's "aiding and abetting" theory was "not viable against [the individual defendant] on the hostile work environment claim because one cannot aid and abet his own conduct," further noting that the plaintiff did "not need the aiding and

9

abetting theory ... because [the individual defendant] can be directly liable for his own conduct." *Id.* at *9 (citations omitted).

Based on the foregoing, the Seventh Cause of Action the Complaint against Jackson should be dismissed.

## CONCLUSION

Based on the foregoing, Jackson's motion to dismiss the Sixth and Seventh Causes of Action against him in the Complaint should be granted, together with an award of such other and further relief as the Court deems just and proper.

Dated: April 1, 2019
Syosset, New York

Respectfully submitted,
**LAW OFFICES OF YALE POLLACK, P.C.**

By: _____
Yale Pollack, Esq.
*Attorneys for Defendant Devon Jackson*
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340

10