UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
LA TASHIA GAYLE,                                    Civil Action No.:
                                                    18-CV-09874 (GBD)
                        Plaintiff,

        -against-

CHILDREN'S AID COLLEGE PREP CHARTER SCHOOL,
CHILREN'S AID OF NEW YORK, CASEY VIER, *In Her
Individual and Official Capacities*, and DEVON JACKSON,
*In His Individual and Official Capacities.*

                        Defendants.
-----------------------------------------------------------------------X

**DEFENDANT DEVON JACKSON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR DISMISSAL OF THE SIXTH AND SEVENTH CAUSES OF ACTION IN PLAINTIFF'S AMENDED COMPLAINT**

Law Offices of Yale Pollack, P.C.
*Attorneys for Defendant Devon Jackson*
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340

## TABLE OF CONTENTS

# TABLE OF AUTHORITIES

**Cases**

*Adams v. City of New York*
837 F.Supp.2d 108 (E.D.N.Y.2011) .................................................................................. 5

*Baldwin v. Cablevision Sys. Corp.*
65 A.D.3d 961, 888 N.Y.S.2d 1 (1st Dep't 2009) ............................................................. 6

*Clark County Sch. Dist. v. Breeden*
532 U.S. 268 (2001) ........................................................................................................... 6

*EEOC v. Bloomberg, L.P.*
967 F.Supp.2d 816 (S.D.N.Y.2013) .................................................................................. 5

*Feliciano v. City of New York*
2015 WL 4393163 (S.D.N.Y. July 15, 2015) ................................................................ 4, 6

*Galimore v. City Univ. of New York Bronx Cmty. Coll.*
641 F. Supp. 2d 269 (S.D.N.Y. 2009) ............................................................................... 5

*Gordon v. New York City Bd. of Educ.*
232 F.3d 111 (2d Cir. 2000) ............................................................................................... 5

*Harris v. Mills*
572 F.3d 66 (2d Cir. 2009) ................................................................................................. 1

*Hollander v. American Cyanamid Co.*
895 F.2d 80 (2d Cir. 1990) ................................................................................................. 6

*Motta v. Glob. Contract Servs. Inc.*
2016 WL 2642229 (S.D.N.Y. May 4, 2016) ..................................................................... 3

*Ponticelli v. Zurich American Ins. Group*
16 F. Supp.2d 414 (S.D.N.Y. 1998) .................................................................................. 6

*Taylor v. City of New York*
207 F. Supp.3d 293 (S.D.N.Y. 2016) ................................................................................ 4

## PRELIMINARY STATEMENT

Defendant Jackson respectfully submits this Reply Memorandum of Law in further support of his motion to dismiss the Sixth and Seventh Causes of Action asserted against him in Plaintiff's Complaint.

Plaintiff's opposition consists entirely of conclusory statements with no application of the law to the allegations contained in the Complaint. Nowhere does Plaintiff address that the Complaint is replete with generalized statements, which are insufficient to withstand a motion to dismiss. *See Harris v. Mills*, 572 F.3d 66 (2d Cir. 2009) ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). *Id.* at 72.

The Complaint is wholly silent on what Plaintiff is relying on as being the protected activity she engaged in to support her retaliation claim against Jackson. It is not until reviewing her opposition papers that one discovers that she is relying on her alleged rejection of Jackson's sexual advances as the basis for her claim. No context is provided about this protected activity, such as dates or times, any statements she made, or any other non-conclusory information to support this element of her retaliation claim.

The Complaint is wholly silent on what Plaintiff is relying on as actions taken by Jackson that disadvantaged her to support her retaliation claim against him. It is not until reviewing her opposition papers that one discovers that she is relying on the alleged pop up meetings as the basis of her claim.[1] No context is provided about these actions, such as when they occurred, what was stated by Jackson in the meetings, how Jackson's conduct deterred her from complaining about

---

[1] Plaintiff does not address anything other than the "pop up" meetings in her opposition as the actions taken by Jackson that purportedly disadvantaged her.

1

harassment, or any other non-conclusory information to support this element of her retaliation claim.

Nowhere in her opposition does Plaintiff even attempt to demonstrate a causal connection on her retaliation claim between the purported protected activity and actions that allegedly disadvantaged her.

In addressing the aiding and abetting claim, as set forth in Jackson's moving papers, all of the alleged actions taken by the co-defendants occurred after Jackson's employment with the School was terminated. As a result, Jackson could not have aided and abetted the co-defendants' conduct.

## ARGUMENTS

### POINT I

### PLAINTIFF'S CONCLUSORY ALLEGATIONS ARE INSUFFICIENT TO STATE A PLAUSIBLE RETALIATION CLAIM

Plaintiff's opposition attempts to clarify the elements she is relying to support her retaliation claim against Jackson, being: (a) her rejection of sexual advances to support the protected activity element; and (b) pop up meetings to support the disadvantage action element. Plaintiff wholly fails to address the causal connection element of the claim anywhere in the Complaint or her opposition papers.

**A.   No Protected Activity is Alleged in the Complaint**

In addressing the protected activity, glaringly absent from the Complaint is any factual context supporting this element of her retaliation claim, such as when Plaintiff rejected Jackson's advances, how she rejected his advances, what she stated to him, or any other information to support that she actually engaged in protected activity. In fact, there is only one paragraph in Plaintiff's 291-paragraph Complaint where the rejection of sexual advances is even alluded to, in

2

which she simply states: "PLANTIFF rebuffed his advances and suggestions and tried to avoid JACKSON from that point going forward." *Compl.*, ¶72.

Plaintiff's failure to allege any specific information about her protected activity warrants dismissal of her claim. *See, e.g., Motta v. Glob. Contract Servs. Inc.*, 2016 WL 2642229, at *4 (S.D.N.Y. May 4, 2016) (dismissing the retaliation claim because the complaint failed to provide "the dates of either her complaint(s) or termination, or anything else to support the inference that the termination was retaliatory" so that the "thin allegations of retaliation fail to 'assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible.'") (citations omitted).

**B.      No Action is Alleged Against in the Complaint that Disadvantaged Plaintiff**

Plaintiff also wholly fails to demonstrate how the "pop up" meetings were anything more than trivial inconveniencies, and that they rose to the level of deterring her from engaging in protected activity. Plaintiff criticizes Jackson for not citing caselaw directly addressing "pop up" meetings, yet remarkably fails to cite any caselaw to support that "pop up" meetings constitute actions that deterred her from engaged in protected activity. Plaintiff contends that Jackson's analogizing the "pop up" meetings to schedule changes is improper, but she fails to reveal how a "pop up" meeting is anything more than a schedule change.

In fact, under her Sixth Cause of Action, the only alleged adverse actions cited by Plaintiff expressly relate to schedule changes, as she alleges in the Complaint that her "schedule was changed in a manner that created hardship for PLAINTIFF and made it difficult for PLAINTIFF to perform her duties"; "PLAINTIFF's customary lunch hour was shifted to early morning hours"; and "PLAINTIFF was forced to begin working from home in order to keep up with her schedule

3

changes." *Compl., ¶276.* Since the actions complained about in the Compliant were nothing other than trivial inconveniences, her retaliation claim fails as a matter of law.

Furthermore, Plaintiff's opposition makes a huge conclusory jump that "Pop-up meetings meant to intimidate and inconvenience Plaintiff would reasonably deter Plaintiff and others from engaging in protected activity." *See Plaintiff's Memorandum of Law in Opposition to Defendant Devon Jackson's Motion to Dismiss the Amended Complaint (Plaintiff's MOL"), p. 10.* Yet, there is nothing contained in the Complaint to support this contention. In fact, there is no context whatsoever about the "pop up" meetings, such as when they took place, how many there were, how frequently they occurred, how long they lasted, what was said during the meetings, or any other information to support that these meetings would deter an employee from engaging in protected activity. The omission of this information provides further grounds to dismiss the retaliation claim. *See Taylor v. City of New York*, 207 F. Supp.3d 293, 308 (S.D.N.Y. 2016) (dismissing the plaintiff's retaliation NYCHRL claim because she failed to plead "facts that her employers' actions disadvantaged her and that the action was connected to her protected activity."); *see also Feliciano v. City of New York*, 2015 WL 4393163 (S.D.N.Y. July 15, 2015) (dismissing the plaintiff's NYCHRL retaliation claim because the plaintiff "has not pled *any* facts that would allow an inference that he was disadvantaged by his transfer.").

Finally, Plaintiff's reliance on the "pop up" meetings as the basis for her retaliation claim fails based on the allegations in the Complaint itself. Plaintiff's opposition states that the "pop up" meetings deterred her from engaging in protected activity. Yet, in the paragraph in the Complaint immediately following the allegation about "pop up" meetings, Plaintiff states that after they occurred, she "complained on multiple occasions about [Jackson] and his [mis]treatment of PLAINTIFF." *Compl., ¶101.* In other words, Plaintiff's own allegations defeat her retaliation

4

claim because the "pop up" meetings apparently motivated her to complain, rather than deterred such conduct.

### C. No Causal Connection is Established in the Complaint

Finally, in order to plead retaliation under the NYCHRL, a plaintiff must still demonstrate a causal connection. *See EEOC v. Bloomberg, L.P.*, 967 F.Supp.2d 816, 862 (S.D.N.Y.2013) ("Simply stating that the NYCHRL encompasses a broader standard does not absolve [plaintiff] from putting forth evidence tending to show a causal connection between [his protected act] ... and the alleged retaliatory actions." ); *see also Adams v. City of New York*, 837 F.Supp.2d 108, 128 (E.D.N.Y.2011) ("The broad remedial purpose of the NYCHRL does not change the requirement for causal connection between the protected activity and the adverse employment action.").

A causal connection can be established either: "(1) indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct; or (2) directly, through evidence of retaliatory animus directed against the plaintiff by the defendant." *Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000).

No direct evidence is alleged in the Complaint, meaning that Plaintiff must be relying on temporal proximity to support this element of her claim. Therefore, Plaintiff must demonstrate that the protected activity and action that deterred her took place "very close" in time. *See Galimore v. City Univ. of New York Bronx Cmty. Coll.*, 641 F. Supp. 2d 269, 288 (S.D.N.Y. 2009)

A liberal reading of the Complaint appears to allege that the purported activity occurred sometime at or near July 17, 2016. *Compl.*, ¶¶*69-71*. As for the "pop up" meetings, again, there is no information, such as dates, set forth in the Complaint as to when these "pop up" meetings were allegedly held. This omission, in and of itself, defeats any causal connection being made

5

between the alleged protected activity and the disadvantaged element. *See Feliciano, supra* (finding that the plaintiff's failure to allege any direct evidence or temporal proximity in her complaint warranted dismissal of the retaliation claim because no causal connection was alleged since the complaint was devoid of, *inter alia*, dates).

If Plaintiff's Complaint is to be read chronologically, the adverse actions Plaintiff is relying upon would have occurred sometime after May 19, 2017. *Compl.* ¶¶*97-100*. If the "pop up" meetings were held about one (1) year after the protected activity (which allegedly occurred on July 17, 2016), Plaintiff's claim fails as a matter of law as she cannot establish a causal connection due to the long lapse in time between the protected activity and the actions taken against her. *See Clark County Sch. Dist. v. Breeden,* 532 U.S. 268, 273 (2001) (holding that three month span between protected act and adverse action is insufficient to meet the "very close" proximity requirement); *Hollander v. American Cyanamid Co.,* 895 F.2d 80, 85 (2d Cir. 1990) (same); *Ponticelli v. Zurich American Ins. Group,* 16 F. Supp.2d 414, 436 (S.D.N.Y. 1998) (period of two-and-a-half months is "hardly the close proximity of time" contemplated to allow a plaintiff to establish the causal nexus element of a retaliation claim); *Baldwin v. Cablevision Sys. Corp.,* 65 A.D.3d 961, 967, 888 N.Y.S.2d 1 (1st Dep't 2009) (holding that in the context of a NYCHRL retaliation claim that four months between protected act and alleged retaliatory action was "not temporally proximate enough to satisfy the causality element of plaintiff's retaliation claim.").

Based on the foregoing, the Sixth Cause of Action in the Complaint against Jackson should be dismissed.

## POINT II

## JACKSON COULD NOT AID AND ABET CO-DEFENDANTS' ACTIONS THAT OCCURRED AFTER HIS EMPLOYMENT TERMINATED

Although not clear from the Complaint, Plaintiff now claims that her aiding and abetting claim against Jackson is not based on his conduct, but actions taken by the co-defendants. Remarkably, Plaintiff ignores the portion of Jackson's moving papers that addressed this theory head-on, being that all of the actions alleged in the Complaint taken by the co-defendants occurred after Jackson's employment with the School terminated.

Again, the Complaint alleges the co-defendants engaged in the following actions:

- Made it difficult for her to perform the duties of her job and/or altered the work environment (*Compl.*, *¶146*);

- Stopped communicating with her, unless it was for Vier to reprimand her (*Compl.*, *¶¶147, 149*);

- Altered her work schedule (*Compl.*, *¶¶152, 155-157*);

- Changed her lunch break period (*Compl.*, *¶153*); and

- Increased her workload (*Compl.*, *¶158*).

Since all these actions took place when Jackson was no longer with the School, Plaintiff's aiding and abetting claim fails as a matter of law against Jackson since he could not have aided and abetted conduct when he was no longer employed.

Based on the foregoing, the Seventh Cause of Action the Complaint against Jackson should be dismissed.

## CONCLUSION

Based on the foregoing, Jackson's motion to dismiss the Sixth and Seventh Causes of Action against him in the Complaint should be granted, together with an award of such other and further relief as the Court deems just and proper.

Dated: April 16, 2019
       Syosset, New York

Respectfully submitted,
**LAW OFFICES OF YALE POLLACK, P.C.**

By: _/s/ Yale Pollack_
    Yale Pollack, Esq.
*Attorneys for Defendant Devon Jackson*
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340