

**Tannenbaum Helpern Syracuse & Hirschtritt** LLP

900 Third Avenue, New York, NY 10022
Tel: (212) 508-6700 | Fax: (212) 371-1084
www.thsh.com | @THSHLAW

**Elizabeth E. Schlissel**
Direct Dial: (212) 508-6714
schlissel@thsh.com

May 31, 2019

**VIA ECF**

Hon. George B. Daniels
500 Pearl Street, Room 1310
New York, NY 10007

      **RE:**   *Gayle v. Children's Aid College Prep Charter School, et al.*
             **Docket No.: 18-cv-09874 (GBD)**

Dear Judge Daniels:

I am one of the attorneys representing The Children's Aid Society, incorrectly sued herein as Children's Aid of New York (the "Society"). I write in response to Plaintiff Latashia Gayle's May 17, 2019 post oral arguments letter with exhibits ("Plaintiff's Post Argument Letter").

At the oral arguments held May 9, 2019, Your Honor approved Plaintiff's counsel's request to submit documents referenced but not attached as exhibits to Plaintiff's Memorandum of Law in Opposition to the Society's Motion to Dismiss the Amended Complaint. Plaintiff's Post Argument Letter goes beyond what was permitted by Your Honor by including legal arguments and mischaracterizations of quotes within the documents. Accordingly, the Society respectfully requests that Court disregard Plaintiff's Post Argument Letter which is clearly Plaintiff's final effort to submit additional arguments to persuade the Court that the Society and Children's Aid College Prep Charger School (the "School) are somehow joint employers. However, as discussed below, should the Court consider Plaintiff's Post Argument Letter, Plaintiff still fails to provide any evidence or valid arguments that the School and the Society are joint employers.

### Response to Plaintiff's Post Argument Letter

Plaintiff's Post Argument Letter deliberately misrepresents statements within the documents provided to the Court. Rather than supporting Plaintiff's position, these documents instead reaffirm the Society's position that the Amended Complaint fails to allege that the School and the Society are either a single entity or a joint employer.

Even a cursory review of these documents would be enough to ascertain that Plaintiff's exhibits do nothing to support their arguments. Firstly, Exhibits A and B to Plaintiff's Post

Hon. George B. Daniels
May 31, 2019
Page 2 of 4

Argument Letter serve only to confirm that the School and the Society are affiliated entities. *See* ECF Document Nos. 58-1 and 58-2. Exhibit C to Plaintiff's Post Argument Letter not only fails to support their argument, but manages to support the assertion that the School and the Society are separate entities. The press release contained in Exhibit C announces the groundbreaking ceremony for the School and states that "The Children's Aid Society is an **independent**, nonprofit organization to serve children of New York City..." (emphasis added) ECF Document No. 58-3. Plaintiff conveniently omits this section of the press release when referencing Exhibit C. In addition, Plaintiff's Post Argument Letter inaccurately states that the Society "announced their appointment of Defendant Casey Vier as principle of CACPCS effective 10/26/2015." *See* Plaintiff's Post Argument Letter, p. 3, ECF Document No. 58. This is a blatant misrepresentation of the plain language of the press release. In fact, the press release (ECF Document No. 58-C, p. 8) states that "The Children's Aid College Prep Charter School Board of Trustees today appointed Casey Vier as principal, effective October 26, 2015." Thus, this press release clearly affirms that the School's Board of Trustees, not the Society, appointed the School's principal.

Moreover, the charter school application states that "[t]he Principal will report directly to the Board of Trustees of the School." *See* Exhibit E, ECF Document No. 58-7, p. 00418. In the charter application, under the duties and responsibilities of the principal, it states that the School principal will "recruit, select and hire all school staff, including teachers and school-based support staff." *Id.* at 000419. Thus, the chart on page 417 of the charter school application, referenced in Plaintiff's Post Argument Letter, is a red herring and does not provide evidence of a joint employment relationship between the Society and the School. The fact that the Society may provide financial support for art teachers does not mean that the Society hired Plaintiff. On the contrary, Plaintiff concedes in her Amended Complaint that she was employed by the School. Paragraph 19 of the Amended Complaint states "PLAINTIFF La Tashia Gayle ("PLAINTIFF GAYLE") was/is at all times relevant, employed with Defendant Children's Aid College Prep Charter School as a visual arts instructor." Amended Complaint, Exhibit A to the Society's Motion to Dismiss the Amended Complaint, ECF Document No. 36-1.

Exhibit D to Plaintiff's Post Argument Letter is the Society's Consolidated Financial Statement for 2016 and 2015. The financial statement does nothing more than affirm that the Society has provided financial support to the School. *See* ECF Document No. 58-4. A non-profit providing monetary support for the creation of a charter school does not provide evidence of a joint employer relationship.

    A. <u>The School's Charter Application – Exhibit E</u>

Plaintiff's cherry-picked quotes from the School's charter application (Exhibit E to Plaintiff's Post Argument Letter, ECF Document No. 58-5) indicate a flagrant attempt to misrepresent the statements made within the application.

[1100133-2]

Hon. George B. Daniels
May 31, 2019
Page 3 of 4

First, Plaintiff incorrectly states that "Defendant CAS calls itself 'CAS-CCS' in the charter school application." This quote misstates the actual language of the application. Under Section 1, "Proposed Name of Charter School," the application reads "Children's Aid Society Community Charter School." ECF Document No. 58-7, 000001. In addition, on the following page of the application (*Id.* at 000002), under section 1 "Charter School Name" the application states "Children's Aid Society Community Charter School (CAS-CSS)." Thus, the application clearly refers to the School, and not the Society, when it says CAS-CSS.

Second, Plaintiff points to the fact that the Society is identified as a "Partner Organization" to the School within the charter application. Again, the law is clear that organizations that partner with each other and/or are affiliated do not constitute a joint employer relationship. *See* Society's Memorandum of Law in Support of its Motion to Dismiss, ECF Document No. 37, Point III, p. 11 and Society's Reply Memorandum of Law, ECF Document No. 47, Point I, p. 2.

Third, the Partner Letter of Intent within the charter application (Exhibit E, ECF Document No. 58-5, 000029 – 000033) provides no evidence of a joint employer relationship. The very first sentence of the Partnership Letter of Intent identifies the Society as "a 501(c)(3) not-for-profit organization". *Id* at 000029. The next sentence identifies the School as "applying for a charter to operate a public school in the City of New York…" *Id.* Thus, the first two sentences of the Partnership Letter of Intent identify the Society and the School as separate entities. Next, the letter states that the Society will help the School with the "establishment of appropriate administration and management systems." This does not mean or represent that the Society and the School have the same management. Plaintiff's assertion that the Society "claims responsibility for the management" of the School should be disregarded as a gross mischaracterization of the statements within the charter application. *See* Plaintiff's Post Argument Letter, p.3

Plaintiff also points to the fact that the Society will "develop and administer the School's human resources program" as evidence of a joint employer relationship. However, paying a third-party for administrative services does not satisfy any of the joint employer pleading requirements. A vendor relationship is not evidence of a joint employer relationship. *See* Society's Financial Report, ECF Document No. 58-4, p. 19 (The Society "provides administrative support services and other enrichment programs and services to the students at of Charter School ….. The Charter School pays an administrative fee equal to 10.6% of total operating expenses … to [the Society] for the administrative services.")

The Letter of Intent in the charter application also identifies the areas in which the Society will assist the School in establishing or developing. Again, the letter does not state that the Society will be managing the School, as Plaintiff would like this Court to believe. Specifically, the letter states under "Fiscal and Accounting" that the "[Society] or its independent vendors will **establish** internal accounting services appropriate to the school…" (emphasis added). *Id* at 000030. Under the "Payroll" section the letter states that "[The Society] will assist the School in retaining a payroll service provider. [The Society] will **assist** the School in **establishing a separate payroll account**

[1100133-2]



Hon. George B. Daniels
May 31, 2019
Page 4 of 4

… The School shall be solely responsible for maintaining written time sheets and other employee attendance records and for paying the fees charged by the payroll service provider." (emphasis added) *Id.* Moreover, under the "Insurance" section, the letter states that "[a]ll insurance premiums shall be billed to the School and paid by the School." *Id.* at 000031. Thus, none of the statements in the charter school application, including the Letter of Intent, establish any of the required elements for alleging a joint employer relationship between the Society and the School. To the contrary, Exhibit E plainly supports that the School and the Society are separate entities.

Lastly, despite Plaintiff's contentions regarding the Society's role in assisting with the development of the School, the charter application states unequivocally under the "Management" section that "[t]he Board of Trustees [of the School] will have authority over all school issues." In addition, the Community School Director (referenced in Plaintiff's Post Argument Letter), "will be responsible for supportive services available to children and families … [and] will coach, develop, and support case managers, school-based health clinic staff, and special area instructors and develop external partnerships in support of [the School]." Thus, the Community School Director does not "manage" the School as Plaintiff incorrectly asserts.

## Conclusion

The documents provided in Plaintiff's Post Argument Letter indisputably evidence that the School and the Society do not have a joint employer relationship. These documents also show that the School has its own management, payroll, insurance, operations and employees. As highlighted above, the principal and the School's Board of Trustees run and manage the School, not the Society. Thus, there is no joint employer relationship between the School and the Society.

Thank you Your Honor for your attention in this matter.

Respectfully submitted,

*Elizabeth E. Schlissel*

Elizabeth E. Schlissel

[1100133-2]